## BELL *vs.* PIERCE and others.

The plaintiff was the owner of a summer residence in one of the towns of Erie county, and a winter residence in the city of Buffalo. He resided in the city with his family, until the month of June, when he went, with his family, to the residence in the country, where they remained during the summer. His principal business was carried on in the city, to which he attended person-ally, going to his family at night, and returning mornings. The defendants, as assessors of the town where he had his summer residence, in the year 1864, assessed him for personal property, not knowing that he had or claimed any other residence. The tax was levied and collected of the plaintiff on said assessment, and he brought this action to recover the money back. *Held* that the action could not be maintained, even though the assessment was erroneous.

THIS is a motion for judgment on a verdict taken subject to the opinion of the court at general term. The defendants were assessors of the town of West Seneca, in the county of Erie, in the year 1864. They assessed the plaintiff as a taxable inhabitant of that town for both real and personal property. The assessment roll was in all respects regular in form, and the board of supervisors of that county in due form assessed and levied the taxes for collecting which this action is brought. The plaintiff was the owner of a dwelling house in the city of Buffalo, and also of a dwelling and twenty acres of land in West Seneca. In the year 1864, he resided in said city of Buffalo, with his family, until about the 30th of June, at which time his house was closed in the city and the plaintiff's family moved to the residence in West Seneca, to remain through the summer months ; and this had been the custom of the plaintiff for several years.

The plaintiff's principal business was that of an iron founder and machinist, and that business was wholly carried on in Buffalo. The plaintiff was accustomed to attend personally to his business in Buffalo, going to his family in West Seneca at night, and returning to Buffalo mornings, except that occasionally he spent a night at his house in Buffalo. The defendants had no knowledge before they delivered the assessment roll to the supervisor of their town

that the plaintiff had, or claimed to have, any residence except in West Seneca. They gave the statutory notices of the completion of the roll, and of their meetings to correct the same, and no one appeared before them to object to the regularity of the plaintiff's assessment. The plaintiff was not assessed for personal property in Buffalo.

*S. S. Rogers*, for the plaintiff.

*P. G. Parker*, for the defendants.

*By the Court*, DAVIS, J. The first duty of the assessors was to ascertain the taxable inhabitants of their town.

The statute declares that between the first days of May and July in each year the assessors shall proceed to ascertain by diligent inquiry, the names of all the taxable inhabitants in their respective towns or wards, and also all the taxable property, real or personal, within the same. (1 *R. S. 5th ed.* 709, § 8.) It is now well settled that this is a judicial duty, for an error in which no action will lie. (*Vail* v. *Owen*, 19 *Barb.* 22. *Brown* v. *Smith*, 24 *id.* 419.) And the contrary doctrine in *Prosser* v. *Secor*, (5 *Barb.* 607,) has been distinctly overruled by this court, as it is also understood to have been by a late decision of the Court of Appeals.

In *Mygatt* v. *Washburn*, (15 *N. Y. Rep.* 316,) it was held, in substance, that the assessment "should be considered as made at the expiration of the time limited for making the inquiry by the assessors, namely, the first of July;" and that a person not a resident of the town at that time was not within the jurisdiction of the assessors. It is settled by that case that assessors are liable to an action if they make an assessment upon which a tax is subsequently enforced against a person who is in fact not a resident of their town at the time the assessment is made, although he may have been such resident at a previous time within the period of inquiry. It is to be observed that that case turned altogether upon the

Bell *v.* Pierce.

fact that the party assessed was not a resident of the town at all, and so could not have been a "*taxable inhabitant*" over whom, or whose property, the assessors could have any jurisdiction.

But a far different question arises where the person assessed in fact is an inhabitant of the town when the assessment is made. In the latter case the assessors are by statute clothed with jurisdiction to inquire and determine whether he is *taxable* or not, and upon what property and upon what valuation. As soon as it is settled that the person is a *resident* or *inhabitant* of the town (for the words are used as convertible terms,) the assessors are called upon to exercise their judicial powers in the inquiry and determination as to his liability to assessment and taxation, for the exercise of which they are not liable to respond in an action. In this case it is manifest that the plaintiff was an inhabitant of the town of West Seneca on the first day of July, 1864. He was the fortunate owner of a summer and winter residence, and when he moved in June into the former to remain for the summer months, he became *de facto* a resident of the town of West Seneca, and subject to the jurisdiction of its assessors. For some other purposes his legal residence might remain in the city of Buffalo, but for the one under consideration the statute looks only to actual inhabitancy for some permanent period and purpose at a prescribed time, to wit, the first day of July. He was also a *taxable inhabitant*, for he was the owner and occupant of his house and twenty acres of land in West Seneca, which could not be taxed as non-resident or unoccupied lands, but only as resident and occupied. When, therefore, the assessors found him and his family in occupation of his dwelling and lot of twenty acres in their town, they had the fact of inhabitancy established which set in motion their duty to inquire whether the plaintiff was taxable, and for what property.

No objection is or can be made that in exercising their jurisdiction they committed any error in assessing the plaintiff for his real estate so occupied by him. But it is claimed

that the fact that he resides for a part of the year in another town or ward in which his principal business was carried on, prevents the attaching of any jurisdiction to assess his personal property.

The statute declares that every person shall be assessed "in the town or ward where he resides when the assessment was made;" but "in case any person shall reside during any year in which taxes may be levied in two or more counties, towns or wards, his residence, for the purposes within the meaning of this section, shall be deemed and held to be in the county, town or ward in which his principal business shall have been transacted." This statute was obviously enacted to meet cases similar to the plaintiff's, where persons had two or more residences in different towns or counties, in which they are accustomed to reside at different periods of the year. It assumes that the actual inhabitancy or residence may be, at the time the assessors are to act, in a town different from that in which the principal business is carried on; and it therefore recognizes the existence of the fact upon which the general jurisdiction of the assessors arises. It still leaves the duty upon the assessors to inquire whether an inhabitant or resident of their town is a taxable inhabitant as to his personal property; and makes that question dependent upon the extrinsic fact, to wit, whether the party has not another residence where his principal business is carried on. If he has property he is *prima facie* taxable, because of his actual residence, and his exception from the general rule depends upon the fact that he has "during the year" another residence, and the further fact that his principal business is carried on at the latter. The assessors are called to pass upon both of these questions before they are at liberty to omit his assessment for personal property; and if the party carries on business at several places at which he has resided they are to determine the not always easy question, to wit, which is the principal business, within the meaning of the law. Under the general rule of the statute, the personal

Bell *v.* Pierce.

property follows the person to his actual residence at the time the assessment is made, and this fact confers the requisite general jurisdiction both of the person and property; and in determining all questions of exception from this general rule the assessors act judicially, and are shielded by the general rule that protects officers of that class.

In *Brown* v. *Smith*, (24 *Barb.* 419,) the plaintiff's farm lay in two towns and two counties, the dividing line of which ran through it. The plaintiff claimed to reside in the town or county in which the defendants were not assessors, and he established his claim at the trial; but the court held that the defendants had a general jurisdiction over that portion of the farm lying in their town, and were bound to inquire judicially whether the owner resided on their side of the boundary, or on the other, and that their error in determining the question did not subject them to an action. This was carrying the principal further than is necessary in this case, because in that case the question seems to have been one of actual residence, which in this case is not disputed.

In *Vail* v. *Owen*, the late Mr. Justice Greene, in pronouncing the opinion of this court, discussed the question when assessors are to be considered as acting judicially, with singular clearness and ability, and his views seem to be conclusive of this case. "I submit" said he, "for all purposes of assessment, the assessors have jurisdiction over all the inhabitants of their town; that the inquiry which they are required by the 8th section to make preparatory to their assessment is a judicial act, and that no action can be maintained against them for any error which they may commit in the performance of that duty; for such error the party aggrieved must seek another remedy."

In my opinion the defendants, on finding the plaintiff an actual resident of their town, had jurisdiction to inquire whether he was not also a taxable one as to his personal property. It was the plaintiff's duty to have made known to the assessors that he had another residence and a "prin-

cipal business" elsewhere which took his personal property with them for purposes of taxation ; and that his neglect to do this had been the sole cause of his alleged injuries, which neither justice or law will permit him to charge over upon the defendants.

In my opinion judgment should be entered for the defendants.

[ERIE GENERAL TERM, September 3, 1866. *Grover, Daniels, Marvin* and *Davis,* Justices.]