RHOADS ET AL. *v.* CUSHMAN, AUDITOR.

TAX ASSESSMENT.—*State Board of Equalization.*—A circuit court cannot, on the complaint of tax-payers, control, reduce, or enlarge the amount of assessments as fixed by the State Board of Equalization, where the board was properly constituted, and where no fraud, but only a mere mistake, is charged.

From the Vermillion Circuit Court.

*B. E. Rhoads* and *M. G. Rhoads*, for appellants.

*J. C. Denny*, Attorney General, for appellee.

PETTÍT, J.—The only question in this case is, after the State Board of Equalization of assessments, under the act of the 21st of December, 1872, being "an act to provide for a uniform assessment of property, and for the collection and return of taxes thereon," Acts of Special Session 1872, page 57, has fixed the rate of taxation in each county, can the circuit court of a county, or of each county, control, reduce, or enlarge the amount of the assessments of the State Board of Equalization, where the board was properly constituted, and where no fraud, but only a mere mistake, is charged, on the complaint of the tax-payers? We are clearly of the opinion that a court has no power to do any such thing. The State Board of Equalization is the final arbiter on this question, if it is legally organized and acts without fraud. It is an administrative, not a judicial, question.

Section 289 of the act above named is this: "Lands shall be equalized by adding to the aggregate value thereof, in every county in which said board may believe the valuation to be too low, such rate per centum as will raise the same to its proper proportionate value, and by deducting from the aggregate assessed value thereof, in every county in which said board may believe the valuation to be too high, such per centum as will reduce the same to its proper value. Town and city lots shall be equalized in the same manner herein provided for equalizing lands, and, at the option of said board, may be combined and equalized with lands."

We hold that this law is directory only to the State Board

of Equalization, and cannot be controlled by the courts, when the power conferred is honestly exercised. In support of this ruling we cite, without quoting, *Stewart* v. *Maple,* 70 Pa. St. 221; *Clinton School District's Appeal,* 56 Pa. St. 315; *Bell* v. *Pierce,* 48 Barb. 51; *Gilpatrick* v. *Inhabitants, etc.,* 57 Maine, 277; *Genesee Valley Nat'l Bank* v. *Supervisors, etc.,* 53 Barb. 223; *Western Railroad Company* v. *Nolan,* 48 N. Y. 513.

The judgment is affirmed, at the costs of the appellants.