JOHN F. DILLON, Respondent, *v.* JAMES COCKCROFT, Impleaded, etc., Appellant.

A stipulation made before the trial of an action as to the facts therein does not, in the absence of a provision in the stipulation to that effect, preclude the parties from giving other evidence.

*It seems* that if in consequence of the stipulation a party is unprepared to meet evidence against him, produced on the trial, he may apply for a postponement, or for leave to withdraw a juror.

Where upon a trial the parties do not ask to go to the jury on the facts, but the defendant moves to dismiss the complaint, and the plaintiff moves the court to direct a verdict, this is in effect an agreement to submit the questions of fact to the court, and if there is any evidence to uphold the decision, it will be sustained.

(Argued October 11, 1882; decided October 24, 1882.)

THIS action was brought to recover possession of certain personal property. The principal question was as to whether plaintiff showed title. The court held that there was sufficient evidence to sustain a verdict in his favor.

A stipulation of facts made before trial by the attorney for the respective parties was produced and read. It appears on its face to be " a statement of the facts in this action."

After the reading of the stipulation plaintiff offered himself as a witness. Defendant's counsel objected to any oral evidence on the ground that the facts had been stipulated, and the terms of the stipulation were such as to show the understanding to be that no other testimony should be offered. The court overruled the objection, and said counsel duly excepted. ·

The court here say : " The objection urged to the admission of oral testimony, upon the ground that the facts in the case had been stipulated by both parties, and that the stipulation precluded other testimony, was properly overruled. We think the effect of the stipulation was not to preclude other evidence, and it only included the facts therein stated ; other proof was not excluded, without a clause providing to that effect. If there was any misapprehension and the defendant was unprepared by reason of the stipulation he could have applied to the court for a postponement of the trial, or for leave to withdraw a juror, and not having done so, has no just ground of complaint."

The court directed a verdict for the plaintiff under the circumstances stated in the following extract from the opinion. " There was no error in directing a verdict for the plaintiff. The defendant's counsel did not ask to go to the jury upon the facts, but made a motion to dismiss the complaint, which was denied before the plaintiff moved that the court direct a verdict. The motion to dismiss the complaint was equivalent to a request to direct a verdict in favor of the defendants, such being the case the parties by the motions made, each one of them, virtually agreed to submit the question of fact to the judge and under such circumstances, if there is any evidence to uphold the decision, it is not error. It is well settled that where the defendant moves for a nonsuit or rests his defense upon questions of law, and does not request to go to the jury, and his motion is denied on the law held adversely to him, he is estopped from raising the point upon appeal that there were questions of fact which should have been passed upon by the jury. (*Ormes* v. *Dauchy*, 82 N. Y. 443 ; 37 Am. Rep. 583. See, also, *O'Neill* v.

*James,* 43 N. Y. 84; *Trustees of East Hampton* v. *Kirk,* 68 id. 459, 464; *Winchell* v. *Hicks,* 18 id. 558.)"

*E. P. Johnson* for appellant.

*James Armstrong* for respondent.

Miller, J., reads for affirmance.
All concur, except Andrews, Ch. J., dissenting, and Rapallo and Tracy, JJ., absent.
Judgment affirmed.