EMMA L. TERWILLIGER, RESPONDENT, *v.* THE SUPREME COUNCIL OF THE ROYAL ARCANUM, APPELLANT.

*Insurance policy—what declarations of the assured, inconsistent with the terms thereof, may be proved in an action thereon.*

In an action, ·brought to recover on a contract of life insurance made between the defendant and the plaintiff's deceased husband for the benefit of the plaintiff, the defendant offered evidence, which was excluded, of declarations made by the deceased prior to his taking out the policy, inconsistent with the warranties contained in his application for such insurance.

*Held,* that as this evidence related to declarations unattended by any act or any fact connected with the bodily condition of the assured it was inadmissible, although, if attended with any acts of the assured, or any facts connected with his bodily condition, it would have been competent.

APPEAL from a judgment in favor of the plaintiff, entered at the Kings County Circuit upon the verdict of a jury.

The action was brought to recover the sum of $3,000 and interest due on a contract of life insurance made between the defendant and the plaintiff's deceased husband for the benefit of the plaintiff.

*George V. Brower* and *Thomas E. Pearsall,* for the appellant.

*Sidney Williams* and *G. B. Van Wart,* for the respondent.

PRATT, J.:

This is an appeal from a judgment in favor of the plaintiff for $4,201.09, damages and costs. The cause was tried at a Kings County Circuit before a jury, on February 2, 1887. Thereafter the justice set aside the verdict, on the ground that it was against the weight of evidence, and granted a new trial. Plaintiff thereupon appealed, and this General Term reversed the order granting a new trial, and judgment was accordingly entered upon the verdict.

This court has already decided that the verdict is not so manifestly against the weight of evidence that it ought not to stand. There was no such preponderance of evidence in favor of the defendant as to evince that the verdict was the result of mistake, passion or prejudice, even if the question was again open for review.

It is also true that on an appeal from an order granting a new trial, the whole merits of the case are under review, and the court is not confined to the precise grounds upon which the decision below was based. (*People ex rel. Witherbee* v. *Supervisors of Essex*, 70 N. Y., 228; *Mackay* v. *Lewis*, 73 id., 382; *Krekeler* v. *Thaule*, Id., 608.) As to the practice upon such appeals, see sections 190, 1336 and 1350 of Code of Civil Procedure and *Raynor* v. *Raynor* (94 N. Y., 248). We do not deem it necessary to again review the evidence, as we have already held it was sufficient to warrant a verdict for the plaintiff. There are, however, two exceptions that require notice:

*First.* The defendant offered evidence, which was excluded, of declarations made by deceased prior to taking out the policy inconsistent with the warranty contained in his application for insurance.

The conclusive answer to this exception is, that such declarations, so far as they had reference to his acts, or any fact connected with his bodily condition, were permitted to be proved. (Folio 180 and following.) The exception, therefore, did not fall within the rule laid down in *Swift* v. *Massachusetts Mutual Life Insurance Company* (63 N. Y., 186) and *Edington* v. *The Mutual Life Insurance Company of New York* (67 id., 185). The evidence excluded related to declarations unattended by any act or fact; and was, therefore, inadmissible.

*Second.* It was not error to exclude the report of the police surgeon. Such paper was secondary evidence. It does not appear that the deceased had any knowledge of its contents, or was in any manner responsible for the paper, and the contents could better be proved by the doctor upon the witness stand.

But the report was shown a witness, Dr. Burdick, to refresh his recollection, and he then gave a detailed account of the condition of the deceased, so that all the information acquired by the police surgeons, while sitting as a board of surgeons, was admitted as evidence.

The testimony in regard to ruptures was immaterial, as it appeared that the surgeon who examined deceased for the defendant made a mistake in putting down the answers, and that such answers disclosed to him the fact that deceased had been troubled with ruptures.

The case was fully and fairly tried and submitted to the jury under an unexceptionable charge. It is true many exceptions were

taken during the trial, but all proper evidence seems at some time to have been admitted and given its just consideration by the court and jury.

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.