### ROBERTS *v.* LLOYD.

(*Superior Court of New York City, General Term.*    January 7, 1889.)

1. APPEAL—PRACTICE—RECORD—INDEFINITE EXCEPTION.

   A physician sued for compensation for the treatment of defendant's child, alleging that defendant had promised to pay $700 for a year's treatment, of which one-half only was paid.    Defendant asserted that he had the right to withdraw the child at or before the expiration of six months, if dissatisfied with the treatment, without paying the remaining half, and that he had done so.    The court charged that defendant had given no evidence tending to prove such right, and directed a verdict for $350.    The defendant excepted to the direction to find "in favor of the plaintiff to the extent of $350."    *Held,* that the exception was too general to be entertained.

2. SAME—FAILURE TO EXCEPT.

   If a party takes no exception to a refusal of the court to charge as requested, and does not ask a submission to the jury of a question of fact referred to in such request to charge, any error in the ruling is thereby waived.

Appeal from jury term.

Action by Milton J. Roberts against Charles C. Lloyd to recover for medical services rendered defendant's child.    The first cause of action was for $350, one-half of the sum promised by defendant for one year's treatment of the child.    The second was for $40, the cost of the construction of a mechanical contrivance to be used in such treatment.    The court submitted no question to the jury save on the second cause of action, and that was found for defendant.    As to the first cause of action, the defense was that, while defendant agreed to pay $700 for one year's treatment, of which he paid one-half in advance, he had the right, under the contract, to withdraw the child, and end the professional relationship, at or before the expiration of six months, without paying any more, which was done.    The court charged that there was no evidence tending to support this defense, and directed the jury to find for the plaintiff the sum of $350.    To the direction to find for plaintiff to the extent of $350 defendant excepted.    Judgment being rendered for plaintiff for $350, and interest, making in all $431.38, defendant appeals as well from the judgment as from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*S. F. Kneeland,* for appellant.    *Warner & Frayer,* for respondent.

FREEDMAN, J.    As the verdict of the jury shows that upon the second cause of action their finding was for the defendant, it is only necessary to consider the disposition which was made of the issues concerning the first cause of action.    Upon this branch of the case the trial judge held that the defendant had not proved, or given evidence that tended to prove, that he had a right, if dissatisfied, to withdraw the child from the plaintiff's professional treatment at the end of six months.    Entertaining this view, and the answer admitting the contract for a year, the judge instructed the jury to find a verdict for the plaintiff in the sum of $350, with interest, which remained due under the contract between the parties, as the judge admitted it was proven.    To such instructions the counsel for the defendant excepted.

The exception is untenable because it is a general one, and because, on examination, the evidence is found to be insufficient in the particulars stated by the judge.    If there was any other question upon which the defendant claimed the right to go to the jury, it was the duty of the counsel for the defendant to point it out and insist upon its consideration.    It then occurred as follows, viz.:    Defendant's counsel asked that the jury should be charged that

if they should find that the agreement was, at the time of the payment of the first $350, and of the making of the contract for one year, that a certain instrument should be made within six weeks, and if that instrument was not made, then the plaintiff had broken his contract, and was not entitled to recover anything whatever. The court refused so to charge, and said: "I do not think that the evidence would warrant any such conclusion. The mere expectation on the part of the Doctor that he would have an instrument of that kind, or that the child would be able to walk in six weeks, or in any other time, as testified to by the witness for the defendant, does not constitute an agreement." To this ruling no exception was taken, nor was a question made that the question of fact therein referred to should be submitted to the jury. By doing neither, and failing to do both, the defendant acquiesced in the ruling, and waived the right, if any he had, to have said question submitted. This being so, and the general exception taken to the direction of the verdict applying only to the specific reason assigned for the direction, and the reason being a good and valid one, the decision of *Trustees* v. *Kirk*, 68 N. Y. 459, does not apply, but the case is controlled by the principle of the decisions of *Muller* v. *McKesson*, 73 N. Y. 195, and *Ormes* v. *Dauchy*, 82 N. Y. 443. Upon the whole case nothing appears which constitutes a ground for reversal. The judgment and order should be affirmed, with costs. All concur.