## HUBBARD *et al. v.* FARRINGTON.

*(Supreme Court, General Term, First Department.* March 29, 1889.)

NEGOTIABLE INSTRUMENTS—ACCOMMODATION PAPER.

In an action by the holder against the indorser of a note, it appeared that defend-
ant indorsed the note for the accommodation of the maker. The maker, expecting

to receive the proceeds, delivered it to one D., who transferred it, with two others, after maturity, to plaintiffs, satisfying a pre-existing debt, and receiving a sum of money besides. *Held*, that plaintiffs, having given testimony to that effect, were entitled, if they requested it, to go to the jury on the question as to whether any of the money advanced at the time they received the three notes was on the note in question. An exception to the direction of a verdict for defendant on the whole case was not sufficient.

Appeal from circuit court, New York county.

Action by Charles Hubbard and others against Joseph T. Farrington. Judgment was entered on a verdict directed by the court for defendant, and plaintiffs appeal.

Argued before BARTLETT and MACOMBER, JJ.

*Julius E. Ludden*, for appellants. *Samuel C. Mount*, for respondent.

MACOMBER, J. The claim against the defendant is as indorser upon a promissory note of $1,216. The defense avers that the note was indorsed at the request of the maker for the purposes of discount, and to raise the money through one Dougherty for the use of the maker's son. The maker, Tuthil, actually delivered the note to Dougherty, intending and expecting to receive the proceeds thereof, which, however, were never turned over to him. Dougherty being indebted to one of the plaintiffs, Charles Hubbard, in a much larger sum, delivered to him in payment thereof, and in excess of such indebtedness, three promissory notes, including the one in action, amounting in all to the sum of $3,688, and received from Hubbard, after canceling an indebtedness of $2,616.04, the sum of $1,025.82 in cash. The note in question was one of a series of three notes, the two prior ones having been paid at maturity. A clear preponderance of the evidence establishes the fact that Hubbard did not advance any money or valuable thing to Dougherty for this note alone, except as it was involved in the transaction as above stated. The two other notes which entered into the gross sum of $3,688 were one of two months for $1,426, and the other for three months, at $1,046, making $2,472 in both. Mr. Hubbard's testimony was of such a character as that it would have been an error on the part of the court to refuse a submission of the question to the jury, had it been requested, as to whether or not he actually advanced any money upon this particular note at the time of receiving the three notes. But the plaintiffs' counsel failed to make request of the court to submit such question to the jury. Hubbard being the original party to the transaction, and one of the plaintiffs in the case, it would have been incumbent upon the court to permit the plaintiffs to go to the jury, had they desired to do so, upon the question whether any of the money in fact was advanced upon the faith of this note. An exception to the direction of the verdict upon the whole case is not an exception which would meet the precise difficulty thus pointed out; for, even if the jury had found that such sum was actually paid when the three notes were transferred, there still could be no recovery upon the note for a greater sum than a fair proportion which it bears to the whole of the moneys actually advanced for the three notes. The court, in the absence of a claim being made for this proportionate share, was right in its disposition of the case. These plaintiffs, beyond all question, did not receive the transfer of the note until after its maturity. But assuming that its legal inception, *i. e.*, when Hubbard took it, to be before maturity, as is shown in the evidence, there can be no recovery by them if Hubbard could not have recovered upon it.

The evidence is undisputed that the defendant is a mere accommodation maker, and that the paper was diverted from the use for which it was designed, and that it was taken by the plaintiffs' assignor, not for value, but in part, at least, for an antecedent debt. The question whether or not the plaintiffs might not recover the proportionate share of this note which its amount bears to the sum of money actually advanced at the time of the transfer of

the three notes was not raised at the trial, and cannot properly be considered upon this appeal. The burden of proof rested upon the plaintiffs to establish that value was paid for this identical note, and it was their duty to show that the money advanced was advanced upon it, and not leave it alone to speculation to determine the question whether this note went only to cancel an antecedent indebtedness. The judgment should be affirmed, with costs.

BARTLETT, J., concurs.