Pryor, J.
Independently of the allegations of error affecting the merits of the action, we are of opinion that the record discloses an error of the court in the conduct of the trial, which necessarily involves a reversal of the judgment.
On the conclusion of the evidence this occurred:
“ Plaintiffs’ counsel—I ask your Honor to direct a verdict for the plaintiffs upon the testimony.
“ Motion denied.
“ Plaintiffs except.
“ Plaintiffs’ counsel thereupon addressed the jury, summing up on behalf of the plaintiffs.
“Defendants’ counsel: I ask your Honor to direct a verdict for the defendants on the ground that the testimony is undisputed that the plaintiffs paid no value for this draft and that the draft was without consideration.
“ The Court: Then I will direct a verdict in favor of the plaintiffs. (To the jury). Gentlemen: The
counsel on either side request that I shall direct a verdict. They thereby admit that there is no question of fact in the case. t
“ Defendants’ counsel (interrupting): Then I withdraw my motion, and ask to go to the jury upon .the questions oí fact in the case.
“ The Court: I cannot permit the motion to be withdrawn. As I have said, gentlemen, the counsel thereby admit that there is no question of fact in the case, and the matter is submitted to the court as a question of law. The amount of the draft is $230; interest $21.39, and $1.29 protest fees; amounting, in all, to the sum of $252.68, for which I direct you to render a verdict in favor of the plaintiffs.
“ Verdict accordingly.
*473 “ Defendants’ counsel excepted to the direction.
“Defendants’ counsel moved for a new trial on the minutes, which motion was denied, and defendants’ counsel excepted.”
By the denial of plaintiffs’ motion for the direction of a verdict in their favor, the court unequivocally signified that either a verdict would be directed for the defendants, or else the case be submitted to the jury. Confiding in this assurance, counsel for defendants moved for a direction in their favor, but the court denied the motion. Thereupon, the counsel seeking to-avail himself of the other alternative, asked to go to the jury; but the court refused the request, and directed a verdict for plaintiffs.
The denial of plaintiffs’ motion for a direction in their behalf, was a decision by the court that plaintiffs were not entitled to such direction. The denial of defendants’ motion for a direction, was a decision by the court that they were not entitled to such direction. The necessary effect of the denial of both motions was a declaration by the court that the case exhibited a question of fact for solution by the jury (Lake Superior Co. Drexel, 90 N. Y. 87, 92; Vietor v. Bauer, 11 N.Y. Supp. 100). Defendants’ request to go to the jury was refused for the reason that, by the motion for a direction, they had conclusively conceded that there was no question for the jury. In other words, defendants’ motion for a •direction was denied, because the facts were in controversy ; and their request to go to the jury was denied ■because their motion for a direction showed that there were no facts in controversy. And by this argument; in a vicious circle, defendants were deprived of their • constitutional right of trial by jury.
But a motion for the direction of a verdict is not an • absolute and irrevocable renunciation of the right to submit the case to the jury. The rule is, that by such .motion a party estops himself from contending on *474 appeal that there were questions of fact for the jury, unless he requests to go to the jury after denial of the-motion (Dillon v. Cockroft, 90 N. Y. 649; Ormes v. Dauchy, 82 Id. 443 ; Koehler v. Adler, 78 Id. 289).
It is a question whether, when a party omits to move-for a direction in his favor, he may insist, on appeal,, that the verdict was without evidence or against the. weight of evidence (Sickles v. Gilles, 45 How. 94, 96; Caspar v. O’Brien, 15 Abb. N. S. 402, 403 ; Rowe v.. Stevens, 34 Super. Ct. 621 ; Barrett v. R. R. Co., 45 Id. 628, 632). But, if a party may not move for a non-suit or direction except under the penalty of precluding himself from the right of submission to the jury, he is subjected to a dilemma upon one or the other horn of which, he is inevitably impaled. This, however, is not the law. By all the authorities, after denial of his motion for a. non-suit or direction, a party may still go to the jury upon the controverted questions of fact.
But, it is objected that defendants did not sufficiently specify the facts upon which they desired the decision of the jury. Counsel had asked the court to direct a verdict for the defendants “on the ground that the testimony is undisputed that the plaintiffs paid no value-for the draft, and that the draft was without consideration.” By denying this request the court virtually ruled that these facts were not undisputed ; for otherwise the court must have non-suited the plaintiffs. Then counsel asked to go to the jury “ upon the questions of fact in the case.” What facts ? Manifestly, the-facts which he had assumed to be uncontroverted, but which the court had ruled to be in controversy. These were the facts, and the only facts, in the mind either of the court or counsel. No other questions of fact had been suggested by either ; and, indeed, no other questions of fact, necessary to the decision of the case, are apparent upon the evidence. Plainly, then, the questions of fact which counsel desired to submit to the jury *475 were, whether the bill was accommodation paper, and " whether plaintiffs had paid value for it. Of this there could be neither doubt nor mistake, and so the question of fact sought to be submitted to the jury was sufficiently indicated by the motion.
Again, it is urged that no exception was taken to the denial of the request to go to the jury. But the direction of a verdict was a denial of defendants’ request to go to the jury ; and the exception was to “ the direction” merely—not to the direction of a verdict for plaijitijfs. In terms the court never refused the request to go to the jury, but in response to that request simply directed a verdict for plaintiffs. Since plaintiffs seek to stand upon the extreme technicality of the law, a failure on their part to observe that same technicality suffices for their overthrow.
Furthermore, the refusal of the court to suffer defendants to withdraw their motion for the direction of a verdict was error. As already shown, the motion for a direction was essential to the preservation of all the defendants’ rights. In response to this motion, the court assumed that counsel had thereby admitted, absolutely and definitively, that there was no question of fact in the case, and so that defendants had irrevocably authorized the court to dispose of the case without, the intervention of the jury—an unwarrantable assumption. Instantly upon this intimation by the court, defendants’ counsel said, “ Then I withdraw my motion and ask to go to the juryto which the court replied, “ I cannot permit the motion to be withdrawn.” Why not? Nothing had intervened to create an estoppel against the motion ; the rights of neither party had been affected by the motion. The court had not yet directed the jury ; the remark, “ I will direct a verdict for the plaintiffs,” being addressed, not to the jury, but to the counsel. When defendants perceived that the legal effect of their motion had been misconstrued by the *476 court to their prejudice, they had an incontestable right to rescue themselves from the peril in which .the mistake of the court had involved them.
Such was not the measure meted to the plaintiffs. They, too, asked the direction of a verdict in their favor; but instead of accepting the request as a submission of the case to the arbitrament of the Court •alone, the learned trial Judge virtually allowed them to withdraw the motion, by suffering them to sum up the case to the jury. Nay, more, the learned Judge himself exercised a power of revocation which he refused to defendants ; for, after declining to direct a verdict for plaintiffs, the moment defendants were beguiled into a similar motion, he recalled his previous .ruling, and directed a verdict for plaintiffs.
It is said defendants took no exception to the .refusal of leave to withdraw their motion for the direction of a verdict. But no exception was necessary. An exception is allowable only “ upon a question of law arising upon the trial of an issue of fact ” (Code, § 992); and that this provision applies to a trial by a jury is manifest not only from the office of an exception, but from the last sentence of the cited section. Now, the refusal of leave to withdraw the motion was not a ruling upon a question of law ; but was a mere exercise of the volition of the Judge, and an exception to it could by no possibility have raised a question of law for review. But the exception to the direction of a verdict for plaintiffs necessarily involved an exception to everything implied in this direction ; that is, to the assumption that the case was still with the Court for decision—in other words, to the assumption that defendants’ withdrawal of the motion was ineffectual ; more specifically still, to the denial of leave to withdraw the motion.
Permission of the court to withdraw the motion for a direction, was not necessary to 'its withdrawal. The *477 court had not yet acted upon the motion; and whether- or not it should be withdrawn was dependent upon the-will of defendants alone; and when they declared it withdrawn it was withdrawn—at all events to the effect of reserving their right to go to the jury. For that purpose the motion is habitually withdrawn, after its denial, by a request to submit the facts to the jury. Similarly, in this case, if the motion be supposed to stand so far as to retain the denial of it in the record,, defendants still had a right to go to the jury ; and the denial of that right is fatal error.
The judgment must be reversed, and a new trial had: costs to the appellant to abide the event.
Allen, P. J., and Bischoff, J., concurred.
Note on the Way to secure the right to a Nonsuit or Direction of a Verdict, or to go to the Jury, and the Mode of reviewing error in this respect.
In nothing is the change in procedure since the merger of law and equity more striking than the extent to which appellate courts have introduced and enforced the wholesome doctrines, that objections not fairly disclosed in the trial court, will not .be made ground of reversal on appeal, except in the relatively few cases where the objection is such that it could not have been cured had it been disclosed. Stratagem in resort to masked grounds of error is no longer successful. One principal result of the application of this doctrine is the rule that error in submitting- or refusing to submit a question to the jury will not be regarded on exceptions unless the right was claimed at the-trial with sufficient distinctness to enable the court clearly to appreciate it, and the adverse party to meet it.
There is much conflict in the cases on this subject, partly due to the increasing strictness with which this rule is applied in later cases as compared with earlier, and in a small part to some difference of view as to the principle. But many of the cases in which head notes bear on the subject, are of no weight because the report does not inform us whether the cause came up on appeal from a judgment, or *478 an order for a new trial, or both, nor if an order for a new trial was appealed from, whether the order was made on a motion on the minutes or on a case and exceptions.
Whatever real difference of opinion is exhibited in the books has to be settled by inquiring for the actual practice now ; and also for the underlying principles involved in the effort of counsel to get to the jury, or to have the case taken from them. Both of these the case in the text clearly shows.
Where the cause is brought up on appeal from the judgment or on exceptions in such a way that the party must rely on a formal exception, the question is one of strict right, in the court of appeals, at least.
I understand the present practice to be as follows :
If defendant moves for a nonsuit or to have a verdict directed in his favor, the plaintiff, by merely resisting the motion, sufficiently manifests his desire to go to the jury.
If the judge grants the motion and takes the case from the jury, the plaintiff secures his right of review by excepting to the direction. (Cases i to 5.)
If the judge, on such a motion, acting on the defendants’ assumption that the case is one for the court to dispose of and not for the jury, directs a verdict the other way, i. e., for the plaintiff, the defendant does not secure a review of his right to go to the jury by merely excepting to the direction. He should, before the direction of a verdict is acted on, ask to go to the jury, and except to the refusal. (Cases 7 to 13.)
Upon the same principle, if plaintiff moves for a direction of a verdict in his favor, and defendant opposes it, defendant sufficiently manifests his wish to go to the jury ; and if the motion is granted, defendant secures the right of review by excepting to the direction. (Cases 14 to 19.)
But if the judge decides the other way on the question which plaintiff has thus presented, and orders a nonsuit or directs a verdict for defendant, plaintiff does not secure a review of his right to go to the jury by excepting to the direction ; he should, before the direction is acted on, ask to go to the jury, and except to the refusal. (Cases 20 to 22.)
Of course, if both parties ask the judge to take the case from the jury, each concedes that there is no question of fact, and the party he decides against must request to go to the jury (23 to 28).
There is apparent conflict in the cases as to whether the request to go to the jury must be specific, stating the questions, or may be general. (Cases 29 to 36.)
*479 There has also been some question whether a party having asked a ruling on the case, as matter of law, can, after decision the other way, withdraw his request and ask to go to the jury. The cese in the text should remove all doubt on this point.
The principle on which a request to take the case from the jury is held a consent or a waiver, is not that there is any contractual element in the act, nor any estoppel or election of right or remedy. It rests upon the idea that a party who presents his case in a given aspect cannot fairly impute error to the judge in acting on that aspect, nor take advantage of his adversary’s not resisting a contention he himself did not raise. It is a question of the fair results of the presentation of the case. The better opinion, therefore, is that the request to go to the jury need not be special if the questions to be submitted to the jury are identical with those on which the party requested a ruling ; and one request may be interpreted by the other. The question is whether the court and adverse counsel were fairly apprised by the course of the exceptant, as to what it was he claimed.
Upon the same principle it is clearly the better opinion that the party who has been unsuccessful in his application for a decision by the judge in his favor, may, before the decision has been acted on, withdraw it, and ask to go to the jury. He has no right to go to the jury and take their verdict on the facts, and then ®bject that the question was one of law for the court; but he has a right to take the opinion of the court on the law, and if unfavorable to him ask to have the jury determine the facts, provided he does this before the direction of a verdict or non-suit against him has been acted on. (Cases 37 to 39.)
There still remains the question whether when no request to go to the jury has been made, or no exception taken to the refusal of the request, the judge can nevertheless on a motion on the minutes for a new trial, relieve the party.
The better opinion seems to be that, under our statute, as I conceive at common law, the power of a judge to grant a new trial on a motion made upon his minutes, is in the nature of an extension or prolongation of the power of the judge at the trial. The judge in view of his minutes and of his recollection of what occurred at the trial, may set aside the verdictj'on ground of justice for reasons which, had there been time for deliberation and adequate discussion at the trial, might have led him to rule differently than he did. And for this purpose it is not essential that formal exception should have been taken. (Cases 40 to 46.)

*480
Notes of Cases.

I. Defendant moving for non-suit or direction of verdict; flaintijf merely resisting ; motion granted.
1. An exception to the ruling of a judge in directing a verdict for defendant, in the absence of anything from which a waiver of the right to go to the jury may be implied, is sufficient to present upon appeal the objection that there were questions of fact which should have been submitted to the jury; it is not necessary to-request that any fact be so submitted. Trustees of East Hampton v. Kirk, 68 N. Y. 459, 464 ; rev’g, 6 Hun, 257.
The court say: “ The cases in which a party has been held to-have lost the benefit of the objection, by an omission to request a submission of the evidence to the jury, are cases where the parties-had by a motion for a non-suit, or by resting their defence upon certain propositions of law, impliedly waived their right to go to ■ the jury, and not having requested to go to the jury after the non-suit was denied, or the law held adversely to them, they were held estopped from taking the point in the appellate court, that there-were questions of fact to be passed upon by the jury.
2. One who has not made any request such as for a non-suit or a direction of a verdict, which assumes that there is no question of fact to go to the jury, need not request that the case be submitted to the jury, in order to get the benefit of an exception to a direction of the court that a verdict be given for his adversary, Frecking v. Rowland, 53 N. Y. 422; rev’g, 33 Sufer. Ct. (J. & S.) 499.
3. On an exception to a non-suit on the whole case being taken, a special request to allow the case to go to the jury, is not necessary to enable an appellant to be heard in a court of review, Train v. Holland Purchase Ins. Co., 62 N. Y. 598 ; rev’g, 1 Hun, 527 ; s. c., 3 Supm. Ct. (T. & C.) 777.
4. Resisting a motion for a non-suit (without any other indication), although not equivalent to asking a direction for a verdict, is-equivalent to asking that the case be submitted to the jury. (Supm. Ct. 1873), Slade v. McMullen, 45 How. Pr. 52,
Daniels, J., delivering the opinion of the court (Miller P, J., and Ingalls, J., concurring), says : “ By opposing the motion for a non-suit, he, in substance, insisted that such a disposition of the case would be improper; and if so, the only alternative would be the submission of the disputed point to the jury, or the direction of a verdict in his favor. The latter he did not ask, and therefore did not treat the case as one involving only questions of law) As *481 to the defendants it was otherwise, for by their motion they assumed that the case was a proper one for the disposition of the court, and that assumption was a waiver of their right to have it submitted to the jury without some specific request being afterward made in their behalf. Hence, if the court had denied their motion and then followed their assumption that the case depended wholly on the decision of legal points, and in that view had directed a verdict against them, they would have been entitled to no relief on account of the omission to submit the disputed question of fact to the jury, where no specific request so to do appeared to be made by them. In the absence of such a request the court would be justified in supposing, as to the moving party, that there was no question of fact in the controversy which they desired to have considered and decided by the jury. And it was upon that principle that the cases of Winchell zV Hicks, 18 N. Y. 558 ; O’Neill v. James, 43 Id. 84, and others of the same tenor have been decided.
But the position of the plaintiff was entirely different. He simply resisted the defendants’ motion ; and that resistance, in no proper view of the act, could be construed to be a waiver of any of the rights the law secured to him under the evidence which had been given during the trial. He did nothing, giving the court to understand that he desired or consented that the case should be disposed of as one dependent only on legal principles, and for that reason performed no act which could justly be considered as the surrender of any right the law secured him.”
S. P. Stone v. Flower, 47 N. Y. 566, 569; (here the court ruled that the action could not be maintained, and directed a verdict for defendant.) Sheldon v. Atl. Fire Ins. Co., 26 N. Y. 460; Moore v. Bristol, 2 Weekly Dig. 293.
Contra. At the close of the evidence the defendant moved to dismiss the complaint upon specified grounds, and neither party asked to go to the jury upon any question of fact. The specfied questions were questions of fact, arising upon the evidence; viz., whether a fraudulent over-valuation had been shown, and whether plaintiff was himself a stockholder.—Held, that this in effect sub-knitted those questions to the court, so as to prevent the plaintiff from claiming on appeal that the questions as to which it was claimed there was failure of proof, should have been submitted to the jury. Dodge v. Havemeyer, 4 State Rep. 561 ; s. c., 25 Weekly . Dig. 517.
In Heath v. Mahoney, 12 Weekly Dig. 404, Supreme Court, first department, 1881, meagerly reported, the court say: that the *482 cause must, in such a case, be viewed as if the questions both of law and fact were submitted to the court, and on appeal the case stands as if the jury had found on the evidence.
6. A request upon the whole case to direct a verdict for the defendant, is, in substance and effect, a motion for a nonsuit; so that it is error to send the case to the jury if the defendant was entitled to a nonsuit. Appleby v. Astor Fire Ins. Co., 54 N. Y. 253.
II. Defendant moving for a nonsuit, plaintiff merely resisting: motion denied, and ver diet for plaintiff directed.
7. Where the case shows that the defendant expected and desired the court to dispose of the case as a question of law—in this case by numerous specific requests on various grounds, and by motion to direct a verdict,—and did not ask that any question of fact should be submitted to the jury, a general exception to a direction to find for plaintiff is not available, upon appeal, to raise the question. Cooke v. State Nat. Bank of Boston, 52 N. Y. 96, 117 ; s. c., 11 Am. R. 667 ; qualifying 1 Lans. 494.
8. If defendant moves for a nonsuit and it is denied, and the court thereupon without any request from him to go to the jury directs a verdict against him, his exception to the latter direction will not avail to obtain a reversal on the ground that the case should have gone to the jury. Ormes v. Dauchy, 82 N. Y. 443, 448.
9. A request of one party to direct a verdict in his favor concedes that there is no such question of fact as requires submission to the jury ; and if the court thereupon directs the verdict the other way, the unsuccessful party has not enabled himself to claim on appeal that the case should have gone to the jury. McCall v. Sun Mut. Ins. Co. 66 N. Y. 505 ; rev’g 39, Super. Ct. (J. & S.) 330.
To same effect, Colligan v. Scott, 58 N. Y. 670.
10. When defendant at the close of the whole evidence makes an unavailing motion for a nonsuit, which is followed by a direction by the court to find a verdict for the plaintiff, and no request is made to submit any question of fact to the jury, defendant shall be taken to have admitted that the questions of law only were involved. Todd v. Todd, 3 Hun, 298 ; s. c., 5 Supm. Ct. (T. & C.) 531 ; modifying, in effect, 54 Bard. 34.
Otherwise, if defendant does not move for a nonsuit or verdict and judgment is directed for the plaintiff. Ib.
11. Low v. Hall, 47 N. Y. 104. Here the court ruled that *483 ■even if defendants’ evidence be believed, plaintiff must prevail, and directed a verdict for him.
12. Contra„ Where plaintiffs resisted the application made to dismiss their complaint, and excepted to the ruling by which it was granted.—Held, that if any disputed question of fact, material to the cause, should have been decided by the jury, they were entitled to a new trial, though they had failed to ask the submission of the question to the jury. Freund v. Importers & Traders Nat. Bank, 3 Hun, 689 ; s. c., 6 Supm. Ct. (T. & C.), 236.
13. Contra on amere question of weight of evidence. The rule that •to make an exception to a nonsuit or direction of a verdict available, there must be a request to submit some question to the jury, is not applicable where the case presents only a question of fact on the weight of evidence, but only where it presents a question of law, on evidence which the course of the exceptant has practically conceded to raise only a question of law on clearly established facts. Wombough v. Cooper, 2 Hun, 428; s. c., 4 Supm. Ct. (T. & C.), 586. (Opin. by E. Darwin Smith, J.Mullin and Gilbert, JJ. ■concurring.) Here defendant had asked the court to direct a verdict in his favor, which was refused, and the court directed averdict for the plaintiff to which direction defendant excepted.—Held,—that under this exception, defendant could take advantage of error in not submitting a question of fact to the jury, no question of law being involved, although no request to submit the question had been made. [Reviewing the authorities.]
III. Plaintiff asking Direction of Verdict: Defendant merely resisting : Motioji granted.
14. The rule is the same where the court direct a verdict and defendant does not request to go to the jury, as where the court non-suit and plaintiff does not request to go to the jury. Kennedy v. Oswego & Syracuse R. R. Co., 67 Barb., 169, 180.
15. Where defendant moves for a dismissal for failure of proof which the court refuses, and thereafter he asks for a positive instruction on evidence in his favor, his exceptions to the rulings against him will not avail to enable him to object that a question should have been submitted to the jury. If he desired any further question to be submitted he should state it and request its submission. O’Neill v. James, 43 N. Y. 84, 92.
In Frecking v. Rolland, 33 Super. Ct. (J. & S.) 499, the court interpreted this case as authority for holding that in all cases unless *484 there is a request to go to the jury, the right is waived. But this, decision was reversed in 53 N. Y. 422.
16. When the court direct a verdict, if a party desires the question of the amount of damages submitted to the jury, he must specifically request it. Without such request, excepting to the direction of a verdict is not enough. Gorthy v. Shawmut Ins. Co., 11 Weekly Dig. 140.
17. It seems, that when the court direct a verdict, the party-excepting thereto should ask that the case be submitted to the jury, if he wishes to raise on appeal the point that the case was one proper for their consideration. [Citing conflicting cases] Bowe v.. Gano, 9 Hun, 6.
18. Contra in fart. Where, on plaintiff’s motion, a verdict has. been directed against defendant to which he has excepted, the facts to be considered on appeal are those specifically proven, or which may reasonably be inferred even upon the case as presented by defendant’s evidence,—and if that contradicts plaintiff’s evidence and constitutes a defense, the question of fact should have-gone to the jury; and the judgment will be reversed upon an exception to the direction of a verdict. Royce v. Watrous, 7 Daly, 87. (Opin. by Chas. P. Daly, Ch. J.)
19. Lesser v. Wunder, 9 Daly, Jo, holding that error in directing a verdict is available under a general exception, and particular' request to the judge to reconsider his decision and submit the case to the jury, is not necessary,—is founded on a misapprehension of Trustees of Easthampton v. Kirk, 68 N. Y. 464. See case 1.
IV. Plaintiff moving for verdict; defendant merely resisting: Non-suit ordered.
20. Where, on a charge to the jury that defendant was entitled to a verdict, plaintiff makes no request to charge as to^a particular-point, he cannot raise the point on writ of error. So held, when t. appeared the objection suggested might have been met by proof had it been raised at the trial. Colemard v. Lamb, 15 Wend., 329, 334.
21. On a conflict of evidence defendant’s failure to move for a nonsuit, or to ask the court to direct a verdict in his favor,. held to preclude him from asking that the verdict be set aside, as against the evidence. James v. Chamberlin, 4 Weekly Dig. 183. He admits that the evidence on the- part of the plaintiff, is. *485 sufficient prima facie to justify a verdict in his favor. Ross v. Colby, 3 Hun. 546.
22. An exception to the direction of a verdict for defendant on thewhole case was held not sufficient toraise the objection on appeal that plaintiffs were entitled to go to the jury on a single specific ■question. Hubbard v. Farrington, 22 State Rep. 511; s. c. 5 N. Y. Supp. 103.
V. Defejidant moving for nonsuit, or verdict. Plaintiff miming for verdict; neither asking to go to jury. Decision either way,
23. Where both sides ask for the direction of a verdict in their favor, they thereby concede that only a question of law is left for ■decision; and when the request of one is granted, an exception by the other to the ruling is not equivalent to a request to go to the jury. Leggett v. Hyde, 58 N. Y., 272, 275 ; s. c. 17 Am. R., 244; .affi’g 1 Supm. Ct. (T. & C.), 418; followed, in Hagaman v. Burr, 41 Super. Ct. (J. & S.), 423, 425, holding that the same rule applies where the decision of the judge disregarded testimony (as the jury might have done) as not credible. To same effect, Collins v. Burns, 63 N. Y., 1; affi’g 36 Super. Ct. (J. & S.), 518. Thomson v. Liverpool, &c. Steam Co., 44 Super Ct. (J. & S.), 407.
24. Where the defendant moves to dismiss the complaint, without asking to go to the jury; and the plaintiff moves that the ■court direct a verdict in his favor, the parties virtually agree to submit the question of fact to the judge, and under such circumstances, if there is any evidence to uphold the decision, it is not error. 1882, Dillon v. Cockcroft, 90 N. Y. 649; affi’g 12 Weekly Dig. 92.
25. Followed in Roberts v. Cobb, 31 Hun, 150; affi’d on the merits in 103 N. Y. 600.
26. At the close of the evidence on a trial, both parties asked the court to direct a verdict in their favor, and the court directed a verdict for plaintiff, to which defendant excepted, but máde no request to be allowed to go to the jury.—Held, that as the parties had thus treated the case as presenting questions of law only, and as there was evidence to support the ruling, the judgment could not be assailed by showing that there were questions of fact arising on the evidence. Provost v. McEncroe, 102 N. Y. 650, s. c., 23 Weekly Dig. 482 ; Stratford v. Jones, 97 N. Y. 586: affi’g 48 Super. Ct. 185 ; Kirtz v. Peck, 113 N. Y. 222 ; s. c., State Rep. 733.
27. Contra of decision on the whole case. It seejns that when a motion to dismiss the complaint and plaintiff’s motion for leave to *486 go to the jury are substantially simultaneous, an exception taken, to a denial of the latter is sufficient to secure the right to review upon appeal. It is equivalent to an exception to the granting of the motion to dismiss. Smith v. Stephens, 47 Hun, 318 ; s. c., 14 N. Y. State Rep. 239, [Dist’g Train v. Holland Purchase Ins. Co., 6 N. Y. 598, as being a dismissal on the whole case.]
28. General term not concluded. But although the court may,, when the counsel for the parties unite in requests which assume, that the only questions in the case are for the court, take the case from the jury,—yet on appeal from an order denying a new trial as. well as from the judgment, the court at General Term may reverse for error in taking the case from the jury on the evidence. Roberts. v. Cobb, 31 Hun, 150. And in this case the court went so far as to say that as the counsel had submitted the case as involving questions of law only, the General Term on setting aside the verdict for defendant could award judgment absolute for plaintiff.
VI. General or Special Request.
29. Where the plaintiffs’ motion to direct a verdict in their favor has been granted and no exception taken by the defendants, a mere, request by defendants that the case go to the jury, without specifying upon what disputed question of fact, is not sufficient; but the right to have any question upon which the testimony was conflicting, submitted to the jury is waived, and refusal of the request is-not error. Waters v. Marrin, 13 Daly, 57. Explaining Stone v. Flower, 47 N. Y. 566, as a case where there was an exception to the. direction of a verdict.
30. In Williams v. Walker, 9 State Rep. 60, it was held that where both parties concur in requesting the court to dispose of the. case upon what they deem to be their legal rights, and afterwards a request by one of them to go to the jury on the facts is “refused, he cannot insist on appeal that the credibility of one of the witnesses should have been submitted to the jury under the rule stated in Koehler v. Adler, 78 N. Y. 287; because if that had been desired it should have been specially requested.
31. A demand for submission to the jury of two specific questions, held, a waiver of the right to have another question, to which, the attention of the court was not called, submitted. Spiridon v. Watson, 50 Super. Ct. 494.
32. In Van Aernam v. Bleistein, 102 N. Y. 355, an action for libel, the publication being claimed to have been privileged, a *487 motion for non-suit was made on specific grounds; not including however, the objection that there was no proof of malice. At the conclusion of the trial, defendant’s counsel disavowed any imputation of wrong upon plaintiff, whereupon plaintiff rested, and the court instructed the jury to find for nominal damages, at least, and they found a verdict for substantial damages. Held,—that a general exception to the charge did not raise the question of defendant’s right to go to the jury on the question of malice, there having been no request to do so at the trial.
33. When a party desires to have a question of fact submitted to the jury, the attention of the court should be particularly directed to it, and the request should be specific. Van Akin v. Caler, 48 Barb., 51; s. p., Stedman v. Western Trans. Co., Id. 97, Supreme Ct., 1853, Parsons v. Brown, 15 Barb., 590. If no such request is made, the question cannot be considered on review, there being only an exception to the direction of a verdict. Seymour v. Cowing, 4 Abb. Ct. App. Dec., 203; s. c., 1 Keyes, 532.
34. In Mayer v. Dean, 115 N. Y. 556; rev’g 54 Super. Ct. 315. The omission to state any specific question on which it was desired to go to the jury, was noticed by the opinion; but the ruling seems to have been put on the around that on the evidence there was no error in directing a verdict.
35. The defendant should ask to have the questions submitted, but the appellate court may waive the rule when its application would be too rigorous. Ct. of App., 1878, Muller v. McKesson, 73 N. Y. 195 s. c., 29, Am. R., 123; affi’g 10 Hun, 44; and see Kendall v. Holland Purchase Ins. Co., 2 Supm. Ct. (T. & C.) 375.
36. A single question, which was the only one in dispute, having been submitted to the jury without objection,—Held, that defendant, having assented to the submission, could not afterward object to its form. Zimmerman v. Schoenfeldt, 3 Hun, 692 ; s. c., 6 Supm. Ct. (T. & C.), 142.
VII. Right to ask to go to the jtiry after having unsuccessfully asked non-suit or verdict.
37. After a request, and a refusal to direct a verdict, there is no absolute inconsistency in asking to submit questions of fact to the jury. It is not proper, ordinarily, to direct a verdict if there is any material question of fact which ought to be submitted, and it is error to make the direction in such a case. Parties may consent, however, that the court may pass upon all questions both of fact and law, and if they do they will be bound, and when both parties ask *488 a direction this court will presume such consent. In this case the presumption is repelled by an express request to go to the jury upon a question of fact. Koehler v. Adler, 78 N. Y., 287.
38. Although it will be assumed where each party asks the court to direct a verdict in his favor that they intend to waive the right of submission to the jury and consent that the court decide the questions of law and fact involved ; yet such presumption is repelled by an express request to go to the jury on a question of fact. And after each party has made such a request and the court has intimated its view in favor of one, the other may thereupon request to go to the jury; andjt is error to refuse if the case warranted submission to the jury. So held, where the trial court did not put the refusal on the ground that the right was waived. Id.
39. In an action for negligence defendant requested to go to the jury on the question of plaintiff’s contributory negligence. This was refused and exception taken. The request was withdrawn and no exception to the ruling of the judge that as matter of law there was no contributory negligence. But defendant then moved for nonsuit because the evidence did not show defendant to have been negligent. Dictum, that it would be error to refuse if there was no evidence of defendant’s negligence. Callahan v. Sharp, 27 Hun, 85.
VIII. Power to grant new trial on motion on the minutes.
40. On a motion for a new trial the special term has the power and the general term upon the appeal from its order, has the power and it is the duty of each to examine and determine whether the verdict was against the weight of evidence and the justice of the case, and if of opinion that it was, to set it aside and order a new trial. The further duty is incumbent upon them to examine whether upon the trial the defendant sustained any injury from the jury having been misled by any improper remarks of the judge during the trial, which were not excepted to or not the proper subject of an exception. But this court has no such power. We can only examine the questions of law arising upon the exceptions taken during the trial. Hamilton v. Third Avenue R. R. Co., 53 N. Y. 27; rev’g 35 N. Y. Super. Ct. (J. & S.) 118; s. c., 13 Abb. Pr., N. S. 318; 44 How. Pr., 294.
41. In Barrett v. The Third Avenue R. R. Co., 45 N. Y. 628, plaintiff recovered a verdict, it being assumed at the trial by counsel that there was evidence for the jury, and defendant having *489 made no request for a non-suit or to direct the verdict in his favor, the court at special term set aside the verdict and granted a new trial, but the order did not indicate whether for newly discovered evidence or because of the weight of evidence. The general term reversed this order and directed judgment on the verdict, —Held, that the court of appeals could not reverse the order even if it were made on the weight of evidence. Allen, J., said: “ The defendant, by not objecting to submitting the question of negligence to the jury, conceded that there was evidence tending to prove the fact of negligence, and consented to a decision of the question by that .tribunal, and having taken his chance of a favorable verdict, cannot now be heard to allege that the verdict is without evidence, and, therefore against law. The question of law sought to be made here, should have been made on the trial. If there was no evidence of negligence, it was error to submit the question to the jury, and, upon timely objection, would have been the subject of an exception, reviewable in this court. But, by not taking the objection and exception at the trial, the defendant waived it, and it cannot be raised by a motion, addressed to the discretion of the court, to correct the error of the jury."
42. According to the opinion in the 4th department Shearman v. Henderson, 12 Hun, 170, the right given by Code Pro. § 264 (and Code Civ. Pro. § 999), to move on the minutes to set aside a verdict and for a new trial “ for insufficient evidence ” is not waived by ■omitting to request a verdict or a nonsuit or omitting to take an •exception. To same effect Kelly v. Frazier, 27 Hun, 314, s. c., 15 Weekly Dig. 114; 2 Civ. Pro. R. (Browne) 322
43. An order setting aside a verdict for plaintiff as against the ■evidence may be affirmed on appeal by him to the general term, notwithstanding there was no request by defendant, at the trial, to have a verdict directed in his favor. [Citing Clark v. Mechanics Nat. Bank, 11 Daly, 239; Barrett v. Third Ave. R. R. Co., 45 N. Y. 632 ; Ke yes v. Devlin, 3 E. D. Smith, 523; Maier v. Homan, 4 Daly, 168.] 1884, Engel v. Schoolherr, 12 Daly, 417.
44. An exception taken to a decision denying a motion for a ■new trial made on the minutes, is not an exception to a ruling upon the trial, and presents no point for review. So held on appeal in a County Court Cause. Reilley v. President, etc., of D. & H. C. Co., 102 N. Y., 383.
45. It seems that the objection that the verdict is against the weight of evidence is not waived by omitting to ask that a verdict he directed, where the party subsequently moves for a new trial on *490 a case and exceptions. Carnes v. Platt, 15 Abb. Pr. N. S., 337; s. c., 36 Super. Ct. (J. & S.) 361; affi’d, in 59 N. Y. 405. Distinguished in Peck v. Cohen, 40 Super. Ct. (J. & S.) 142, 145. See contra,. Halpin v. Third Ave. R. R Co., Id. 175. s. p. [distinguishing 45, N. Y. 621], Supm. Ct., 1879, Lucas v. McEnerna, 19 Hun, 14.
46. On appeal from an order granting a new trial, the whole merits of the case are under review, and the court is not confined to the precise grounds upon which the decision below was based. Terwilliger v. Royal Arcanum, 49 Hun, 305.
47. The court at General Term have power to set aside a verdict, as contrary to evidence, without any exception.
But the court of appeals cannot do so; and where there was no-motion to non-suit the plaintiff at the trial, or for the direction of a verdict, and no exception which would bring up the question whether there was sufficient evidence to sustain the verdict of the jury, the court of appeals can consider no objection which is. not based upon some exception taken at the trial; and an appeal at this court from an order denying defendant’s motion for a new-trial brings here only questions of law based upon exceptions taken at the trial. Therefore, however unjust the verdict may be, upon the. facts appearing in the case, that court is powerless on that account to give the defendant any relief. Schwinger v. Raymond, 105 N. Y. 648.
47a. On trial of an action for crim. con., it appeared the husband' connived at the intercourse ; but defendant did not request the-judge to apply the rule of law that such connivance is a bar to the-action ; and plaintiff "recovered. Held, on appeal from an order denying a new trial as well as from the judgment, the verdict, should be set aside, because the real question had not been determined. Bunnell v. Greathead, 49 Barb. 1106.
VIII. Some further applications.
48. Request to charge and request to instruct. A request to charge that if the jury should find a specified fact, the adverse party could not recover, was refused on the ground that the evidence would not justify such a finding. Held, that as, after the refusal of the-court to charge as requested, and an exception thereto, the party did not ask for a submission to the jury of the question of fact referred to in such request to charge, he waived the error in the ruling. Roberts v. Lloyd, 21 State. Rep. 908; s. c. 4 N. Y. Supp. 446; 56 Super. Ct. 333.
*491 48a. Request to submit 011 undisputed facts. Where there is no-dispute as to the facts which a party asks to have submitted to the jury, he must call the attention of the court to any inference which he claims the jury should draw from them, or from the circumstances of the case. If he does not, it is not error to take the case from the jury. Stewart v. Petree, 55 N. Y. 621 ; s. c., 14 Am. R. 352.
49» Effect of offer if evidetice pending the motion. Where a verdict was directed at circuit for the plaintiff, certain questions being reserved for argument without there being any exception, and after offers of testimony by plaintiff which were rejected on the ground that they would not alter the legal aspects of the case, and, on motion, his complaint was afterwards dismissed.—Held, that it must be assumed that all the disputed questions of fact were found in his favor; and the case stood on appeal as if a non-suit had been ordered after all the evidence had been heard, both that which was actually received and that which was offered. Presbyterian Society of Knoxboro’ v. Beach, 74 N. Y. 72,76; rev’g 8 Hun, 644.
50. Effect-of assuming a fact pending the motioti. Where on a motion that the court direct a’verdict, made by an insurance company sued on a policy, the judge assumed that the person to whom plaintiff applied for the policy was the company’s agent, and no objection was made by the company, nor any request to go to the jury upon it as a question of fact.—Held, that it must be taken as conceded. Van Schoink v. Niagara Fire Ins. Co., 68 N. Y. 434. 438.