# N. Y. SUPERIOR COURT.

ADELIA SICKELS and MARGARETTA M. SICKELS, plaintiffs and respondents, agt. WRIGHT GILLIES and JAMES W. GILLIES, defendants and appellants.

In an action upon a promissory note, given by the defendants to the plaintiffs, the defendants pleaded specially a want of consideration by alleging and proving that the money for which the·note was given belonged to the plaintiff's brother, which was deposited with them by him, in trust,. to pay the plaintiffs what they might require during his absence, and the remainder, if any, to himself on his return; and that · the defendants, in pursuance of such trust, paid to plaintiffs a portion of said sum during such absence, and the remainder to the brother on his return home; and the plaintiffs claimed and proved that the money belonged to the plaintiffs and was deposited with the defendants, when the note was given, in the presence of their brother, before he went away, for safe keeping, they believing the defendants to be responsible.
*Held*, that, under this contradictory and irreconcilable evidence, the court could not disturb the verdict of the jury for the plaintiffs, and as the defendants omitted to move for the direction of a verdict, they stand precluded from alleging that the verdict was against the weight of evidence.

*General Term, March,* 1873.
*Before* MONELL, *P. J.,* FREEDMAN *and* CURTIS, *JJ.*

THE action was brought upon a promissory note made by the defendants and payable to the plaintiffs.

The answer admits the making of the note; pleads payment, and then sets forth, by way of a separate defense:

Defendants further say that the said instrument was signed· for the purposes following, as a mere memorandum·and not otherwise, to wit: One John Sickels, about the date of said memorandum, then being in the employ of these defendants,

deposited with these defendants the sum of $320, therein mentioned, to be paid to the plaintiffs if they should require and demand the same during his expected absence from the city of New York, and if not required and demanded, to be returned to said John Sickels. That, during his said absence from the city of New York, the plaintiffs never asked, claimed or demanded from the defendants any further sum than the sum of $100, which was duly paid to them; that, soon thereafter, and upon the return of said John Sickels to the city of New York, and after the expiration of the time for which said money had been deposited as aforesaid, said John Sickels demanded from the defendants the return of the balance of $220, so as aforesaid deposited, which was duly paid by these defendants, and defendants allege that no other or further consideration was had or received for the said instrument in writing.

The jury found for the plaintiffs.

Defendants moved, on the minutes of the court, for a new trial, which was denied.

The appeal is from the judgment and order denying motion for a new trial.

BELL, BARTLETT & WILSON, *Attorneys for plaintiffs and respondents.*

STEPHEN B. BRAGUE, *Attorney for defendants and appellants.*

*By the court,* FREEDMAN, *J.*—On the former appeal the general term of this court held that the facts set up in the third paragraph of the answer amounted to a plea of total failure of the consideration of the note, and that, the suit being between the original parties, and it not appearing that the plaintiffs sustained any other relation to the note than that of mere agents for their brother, John Sickels, the evidence offered in support of such plea, and also with a view to sustain the defense of payment, was erroneously excluded.

Sickels agt. Gillies.

Upon the second trial, which resulted in the appeal now before us, defendants' evidence in support of that plea was admitted by the court, and then the plaintiffs showed that they and their brother were all present when the deposit was made ; that the money was not the money of John Sickels, but that it belonged to the plaintiffs, or, at any rate, to one of them — Adelia — and that the plaintiffs deposited the money with the defendants for .safe keeping, because they believed the defendants to be responsible persons.

The statements of the parties, being diametrically opposed and irreconcilable, were submitted to the jury, and the latter found the fact in favor of the plaintiffs.    This finding cannot be disturbed.    By their omission to move for the direction of a verdict, the defendants stand precluded from alleging that the verdict is against the weight of evidence (*Rowe* agt. *Stevens*, 48 *How.*, 10; *S. C.*, 12 *Abb.*, *N. S.*, 389).

The exceptions presented by the case are, therefore, all that we can look at.    Those which relate to the exclusion of evidence have been neither set forth in the printed points nor alluded to on the argument, and, for that reason, may be deemed to have been waived.    The others, which relate to the charge of the court, and his refusal to charge, we have carefully considered and found untenable.

The judgment and order appealed from must be severally affirmed, with costs.

MONELL and CURTIS, JJ., concurred.