# HERKIMER COUNTY COURT.

James E. Lanphire, respondent, agt. William R. Slaughter, appellant.

*Parol evidence — Varying or modifying a written agreement — When to be admitted.*

This action was brought to recover $150, rent due for the use and occupation of a cheese factory, under a written lease which provided for the use and occupation by the defendant, and in consideration thereof he promised to pay the installment of rent which is the subject of the action.   The lease is silent upon the subject of repairs, and contains no agreement on the part of the plaintiff whatever upon that subject. Defendant set up a counter-claim as a defense, alleging in substance that at the time of the execution of the lease and in consideration thereof the plaintiff promised and agreed to and with the defendant to make certain repairs, and that pursuant to said agreement plaintiff did commence such repairs but did not complete them, and that defendant completed the said repairs that the plaintiff promised and agreed, but neglected so to do, to defendant's damage of $200.   Defendant offered to prove that an agreement distinct from, but collateral to the lease offered and received in evidence, was made by and between the parties to this action respecting certain repairs that were to be made in and about the cheese factory leased to this defendant, which was rejected : *Held*, that the evidence should have been received.
The rule prohibiting the reception of parol evidence, varying or modifying a written agreement, does not apply to a collateral undertaking. Such fact is always open to inquiry, and may be proved by parol.

*April*, 1881.

Appeal from a judgment rendered by a justice of the peace, where the respondent had a judgment for $150 and costs of the action.
The facts are sufficiently stated in the opinion of the court.

*E. J. Coffin*, for appellant.

.   *C. A. Moore*, for respondent.

Lanphire agt. Slaughter.

Amos H. Prescott, *County Judge*—The plaintiff and respondent brought this action in the court below to recover the sum of $150 rent due for the use and occupation of a cheese factory, situated in the town of Fairfield. The lease between the parties is in writing and signed by the defendant, the lesee, and is not signed by the lessor, the plaintiff. By the terms of the lease the sum of $150 had become due to the plaintiff, prior to the time of the commencement of the action, for the use and occupation of the premises.

The lease provides for the use and occupation of the cheese factory by the defendant, and in consideration thereof he promised to pay the installment of rent, which is the subject of the action.

The lease is silent upon the subject of repairs, and contains no agreement on the part of the plaintiff, whatever, upon that subject.

The defendant set up a counter-claim as a defense, alleging in substance that at the time of the execution of the lease, and in consideration thereof, the plaintiff promised and agreed to and with the defendant to make certain repairs in and about the cheese factory, and that pursuant to said agreement the plaintiff did commence such repairs, but did not complete them, and that the defendant thereupon completed the said repairs that the plaintiff promised and agreed, but neglected so to do, to defendant's damage of $200.

On the cross-examination of the plaintiff he was asked the following question: "At the time the said lease was drawn was there any talk between you and defendant as to certain repairs that were necessary to be made in and about said factory, in pursuance of said Slaughter (defendant) entering into possession of the same?"

Plaintiff objects as incompetent, immaterial—cannot add to or vary the written instrument. Objection sustained and defendant had an exception.

The defendant then offered to show by the same witness that an agreement distinct from, but collateral to the lease

Lanphire agt. Slaughter.

offered in evidence by the plaintiff, was made by and between the parties to this action respecting certain repairs that were to be made in and about the cheese factory leased to this defendant. Overruled ; defendant excepts.

The lease was received in evidence, and a copy of the same is contained in the return. Upon the subject of the repairs there is nothing whatever contained in the written lease.

The question, and the only question which exists in the case is as to whether or not error exists in consequence of the rulings of the justice, holding in substance that the defendant could not give the necessary evidence to support the counter-claim, because it added to or varied the written lease.

The position of the appellant is in substance this : That at the time of the execution of the lease put in evidence, and upon which this action was brought, and in consideration thereof the plaintiff, the lessor, entered into an agreement with the defendant, the lessee, distinct from, but collateral to, the lease in question, in which he agreed to put the cheese factory in order, etc.

We regard the recent case of *Chapin* agt. *Dobson* (78 *N. Y.*, 74) as settling this question adverse to the respondent in principle. That was an action brought to recover the value of certain machinery. There was a written agreement in regard to the price of the machinery, etc. The defendant set up as a defense a parol agreement made at the same time that the written agreement was executed, and in consideration of said purchase, etc. That the said plaintiff guaranteed to the defendant that the machines would work well, and to the satisfaction of the defendant, and in case of their failure so to do, that the plaintiff would take them back.

On the trial evidence was offered to prove the defense. The plaintiff objected on the ground that in substance the agreement was embodied in the writing which could not be varied by oral evidence. The objection was overruled and the plaintiff excepted.

The case upon this question was carried to the court of

appeals, and that court unanimously held, DANFORTH, J., writing the opinion, "that the rule prohibiting the reception of parol evidence varying or modifying a written agreement, does not apply where the original contract was verbal and entire, and a part only was reduced to writing. *Nor does it apply to a collateral undertaking.* These facts are always open to inquiry and may be proved by parol."

The prior decisions upon this question are referred to, including cases where written contracts or leases had been made, and the court decide and lay down the broad rule that in all similar cases parol agreements may be pleaded and proved as a defense or counter-claim.

The case of *Wilson* agt. *Deen* (74 *N. Y.*, 531), is referred to as holding a contrary doctrine, but the court distinguish it and say : " There the plaintiff sought to cancel a lease upon the ground that the defendant failed to perform an oral agreement concerning a matter embraced in and covered by its terms. It was held that this case was directly within the general rule above stated, and the court advert to the fact that it was not claimed to be within the principle which upholds an oral or parol agreement when collateral to a written instrument, and say if it had been so claimed it would have been unavailing as in such a case the only remedy would be an action for damages for the breach of the parol contract."

We refer to this case for the purpose of learning what the court in the case first cited intended to decide.

It seems, therefore, that any decisions that had previously been made, holding any different doctrine from the rule laid down in the case of *Chapin* agt. *Dobson* (*supra*) is overruled, and this decision should hereafter govern. Applying, therefore, the principle of this carefully adjudged case, the result follows that the evidence offered in this case should have been received, and for this error the judgment of the court below is reversed.