Heintze v. Erlacher.

# New York Marine Court.

*Trial Term—November,* 1882.

## HEINTZE v. ERLACHER. (2 cases.)

**Landlord and Tenant.—Covenant to repair.**—A covenant to repair extends to all repairs, irrespective of the cause of the defect. Where there is an express covenant to " keep in repair " there can be no independent collateral oral undertaking on the part of the landlord by which he and not the tenant is to perform this covenant.

McAdam, J.—The defendant as tenant agreed to keep the demised premises in repair, and if to keep in repair it is necessary that the rooms should first be put in repair, the covenantor is bound to perform that duty (Myers v. Burns, 35 *N. Y.* at pp. 271, 272 ; 38 *Id.* 80 ; 16 *M. & W.* 541), and a covenant to make repairs extends to all necessary repairs, irrespective of the cause of the defect (58 *N. Y.* 635 ; 17 *Hun,* 163). The defects complained of might have been obviated if the tenant had performed her covenant, and they do not in consequence justify her abandonment of the premises (58 *N. Y.* 635 ; 17 *Hun,* 163). There being an express covenant by the tenant to "keep in repair," there can be no independent collateral oral undertaking on the part of the landlord by which he and not the tenant is to perform this covenant. Such an oral understanding would be in direct conflict with the writing executed by

the parties and is inadmissible to alter or vary its terms. The cases cited by the defendant (61 *How. Pr.* 36; 78 *N. Y.* 74) have no application to such a case, and the rule laid down in 61 *How. Pr. supra*, is open to a criticism not necessary to make at present. As there was no legal collateral undertaking, there can be no valid counter-claim for its breach. There was no acceptance of the alleged surrender proved (69 *N. Y.* 118). There was no defense to the action, and the direction to find for the plaintiff was right. The motion for a new trial must be denied.