VIETOR *et al. v.* BAUER *et ux.*

(*Supreme Court, General Term, First Department.* May 23, 1890.)

NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS.

In an action on a promissory note where the defense was that it had been delivered to one L. under an agreement that he should obtain money thereon for defendants, instead of which he turned it over to plaintiffs in part payment of their account against him, it appeared that plaintiffs received the note three days before its maturity, and passed it to L.'s credit, not as a payment, but merely as a note to become due. *Held* that, in the absence of any further explanation by plaintiffs, a verdict should have been directed in favor of defendants. VAN BRUNT, P. J., dissenting.

Appeal from circuit court, New York county.

Action by George F. Vietor and others against Moritz Bauer and his wife, Cacelie Bauer. There was a verdict for plaintiffs, and from the judgment entered thereon defendant Moritz Bauer appeals.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*Donohue, Newcombe & Cardozo,* for appellant. *James Dunn,* for respondents.

BRADY, J. This action was on a promissory note for the sum of $2,500 made by the defendant Bauer, and indorsed by the other defendant, a married woman, who charged her separate estate with its payment. This is the second appeal. 46 Hun, 676, *mem.* On the first appeal it appeared that the defendants proposed to prove as a defense that the note had been made and delivered to one Levy under an agreement with the maker that he should obtain and return the money for it, or return the note itself, instead of which he turned the note over to the plaintiffs in part payment of their account against him. This evidence was objected to as immaterial and incompetent and excluded. The judgment was reversed on the ground that the evidence should have been admitted, and Justice DANIELS, in delivering the opinion

of the court, said that the defendants were not precluded from making the defense because of a credit by the plaintiffs of its amount on the account they had against Levy, and said that by that credit they neither parted with any value nor surrendered anything on the faith of it. If they had done so they would stand in a different legal position. The defense was a fraudulent diversion of the note, and on the second trial the plaintiffs attempted to show that the amount was, in fact, credited upon the account of Levy in such a way that he was absolutely discharged from the amount of it, and they were therefore relieved from the defense of the alleged fraudulent diversion. When the testimony closed, a motion was made on behalf of the defendants for the direction of a verdict in their favor on the ground that two disinterested witnesses had given absolute and positive evidence that the note was wrongfully diverted by Levy, the plaintiffs' debtor. The motion was denied and exception taken. A motion was then made on behalf of the plaintiffs for the direction of a verdict upon the undisputed proof, on their part, that they had shown themselves to be *bona fide* holders for value. The motion was denied, and an exception taken. The court then observed: "You may go to the jury upon the question of fact as to whether Mr. Bauer did not receive consideration for the note, at the time it was made and delivered, from Levy." And he charged them, as matter of law, that the plaintiffs could not recover if, on all the evidence in the case, they found that the note was diverted from the purpose for which it was originally given. If, on the other hand, they found that it was given without any instruction or arrangement as to what was to be done with it, or if they found from any evidence in the case that the note was paid for, or that there was no direction with regard to the specific object to which it was to be applied, their verdict would be for the plaintiff. The only question they had to determine was whether the note was diverted or not. This necessarily embraced the prior proposition stated by the court, whether Mr. Bauer did not receive consideration for the note at the time it was made and delivered to Levy. The testimony on the part of the defendants establishes the alleged defense that the note was given to Levy for a particular purpose, and diverted by giving the same to the plaintiffs on account of his indebtedness to them. The testimony with regard to the credit seems, in fact, to be what it was on the first trial. The note was dated September 18, 1885, payable four months after date, and became due under its terms on the 21st of January, 1886. The plaintiff George F. Vietor testifies that he gave credit to Levy on the 21st January, 1886, the day upon which the note was protested. It appears, however, that Levy absconded in October, 1885. He was asked whether he, on receipt of the note, made inquiries about Mr. Bauer, and he said Mr. Reilly did, Mr. Reilly being in charge of the credits of the plaintiffs, a department in which he had been for about 9 years. Mr. Reilly said he had known Levy for 12 or 15 years, and that he first saw the note about the 18th of January, 1886, and that after its receipt he spoke to Vietor about it, showed it to him, told him he had received it, and wanted to credit it on Levy's account; that Vietor asked him about the maker of the note, and he told him he would make some inquiries in regard to his responsibility, etc., which he did, and reported to Vietor, and gave him the note, and then it was passed to Levy's credit. The memorandum in regard to this fact was made on the 18th of January, 1886, and is as follows: "Jan. 18th, 1886. Leopold Levy. Note of Moritz Bauer, indorsed by Cacelie Bauer, 4 mos. $2,500. Due Jan. 21, 1886." These are the facts attending the giving of the credit.

It does not appear, however, from the statement of the plaintiff or his employe that anything was surrendered or given up, or that any other credit was made than that stated. And thus the matter remained until November, 1886, when an arrangement was made with Levy by which it was agreed that, if he gave $500, he would be given a receipt in full for all claims that

the plaintiffs had against him, which seem at that time to have amounted to $1,100. The sum named was paid, and the receipt given. It will be observed that there is a conflict between Vietor and his employe, the former stating that the credit was given on the 21st of January, and the latter on the 18th of that month. It may be that this is not important, but it is one of the characteristics of the evidence in the case which is confused and uncertain, and therefore not satisfactory. The arrangement which resulted in the release, although admitted in evidence, was objected to, and cannot affect the legal *status* of the plaintiffs at the time the credit was given. Whatever they had to entitle them to consideration as *bona fide* holders must have taken place then, and not subsequently. They were either *bona fide* holders, or they were not, at the time of the making of the credit as alleged, and could not become so in detriment to the defendants' rights by any subsequent arrangement with their debtor Levy. The credit was not one of payment in any sense, and the memorandum entered on the plaintiffs' books is not entered as a payment, but as a note to become due. It was not sufficient, therefore, to bring the plaintiffs, the note having been diverted, within the law-merchant by showing the parting with something upon the faith of the note as suggested in the opinion of Mr. Justice DANIELS. There was a further attempt made to establish the giving of consideration by proof of a check drawn by the Rosenberg Manufacturing Company, dated September 18, 1885, which was given to Levy, and as it was deposited by Bauer was presumably given to him by Levy, and that fact only is all there is relating to the alleged consideration which was thus evidenced. The answer made by Bauer to that was that that was no part of the discount of the note in suit, but, substantially, that it related to a note dated September 14, 1885, which was discounted. It is true that the witness was subjected to a severe cross-examination with regard to the check, and some of his answers as they appear in the evidence were subject to criticism. Besides this, it is to be taken into consideration that the note in suit does not appear to have been discounted at all, taking the statement of Mr. Reilly, who received the note from Levy, and, under the circumstances disclosed, it is not to be assumed in the absence of proof that Levy paid the note after having had it discounted, and thereupon delivered it to the plaintiffs. The receipt of it three days before maturity would seem to indicate that it was held by Levy and delivered to the plaintiffs under circumstances which should have been explained, but were not. In view of these facts, therefore, affecting the right of the defendants to have a verdict directed in their favor upon the ground that they had established a diversion of the note, and that the plaintiff had failed to show that he gave value for it at the time of its receipt, the denial of the motion was erroneous. The examination of this case has been very troublesome by reason of the involved character of the details, and in which the circumstances affecting the claim and the defense are peculiar, if not extraordinary, from the absence of explanation and information as to several details of apparent importance. Nevertheless the absence of satisfactory proof of consideration authorizes the conviction that the motion should have been granted, and that the judge erred in declining to direct a verdict for the defendants. Perhaps upon another trial these doubts may be overcome. The judgments should be reversed, and a new trial ordered, with costs to appellants to abide event.

BARTLETT, J., concurs in the result.

VAN BRUNT, P. J., (*dissenting.*) There seems to have been evidence from which the jury might have found, as they did, that Bauer received value at the giving of the note, and that it was not diverted. That was the only question submitted to the jury. They having found in favor of the plaintiffs upon the issue, the judgment should be affirmed.