YALE *et al. v.* DART *et al.*

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. TRIAL—DIRECTION OF VERDICT—RIGHT TO GO TO JURY.

At the trial of an action by payees against acceptors of a bill of exchange, after denial of a motion by plaintiffs that a verdict be directed for them, and after their counsel had summed up to the jury, defendants' counsel moved for the direction of a verdict in their favor, on the ground that the testimony was undisputed that "plaintiffs paid no value for this draft, and that the draft was without consideration." Thereupon the judge stated that he would direct a verdict for plaintiffs, and refused to permit defendants to withdraw their motion and "go to the jury upon the questions of fact in the case." *Held,* that this was error; that defendants' motion was not an irrevocable renunciation of the right to submit the case to the jury; and that the facts on which defendants desired the decision of the jury were sufficiently specified.

2. EXCEPTIONS—SUFFICIENCY.

An exception by defendants "to the direction" was sufficient to present the denial of their request to go to the jury; the direction of the verdict having been the response to that request.

3. SAME—NECESSITY.

No exception to the refusal of leave to withdraw the motion for direction of a verdict was necessary, under Code Civil Proc. N. Y. § 992, allowing an exception only "upon a question of law arising upon the trial of an issue of fact." Nor was the permission of the court necessary to the withdrawal of the motion.

Appeal from city court, general term.

Action by Edward P. Yale and others against Henry C. Dart and another, on a bill of exchange, of which plaintiffs were payees, accepted by defendants. The defense was that the acceptance was for the accommodation of the payees, or else for the accommodation of one C. A. Smith, to whom it was given for a special purpose, and by whom it was diverted and fraudulently negotiated to plaintiffs, who were not holders for value, and who, besides, on the maturity of the bill and in payment of it, received from said Smith the acceptance of the Monlo Milling Company. Defendants appeal from a judgment of the general term of the city court affirming a judgment for plaintiffs entered on a verdict directed by the court at the trial term.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Howard Y. Stillman,* for appellants.    *T. Henry Dewey,* for respondents.

PRYOR, J.    Independently of the allegations of error affecting the merits of the action, we are of opinion that the record discloses an error of the court in the conduct of trial, which necessarily involves a reversal of the judgment. On conclusion of the evidence this occurred: "*Plaintiffs' Counsel.* I ask your honor to direct a verdict for the plaintiffs upon the testimony. Motion denied. Plaintiffs except. Plaintiffs' counsel thereupon addressed the jury, summing up on behalf of the plaintiffs. *Defendants' Counsel.* I ask your honor to direct a verdict for the defendants on the ground that the testimony is undisputed that the plaintiffs paid no value for this draft, and that the draft was without consideration. *The Court.* Then I will direct a verdict in favor of the plaintiffs. [To the jury]. Gentlemen: The counsel on either side request that I shall direct a verdict. They thereby admit that there is no question of fact in the case. *Defendants' Counsel,* (interrupting). Then I withdraw my motion, and ask to go to the jury upon the questions of fact in the case. *The Court.* I cannot permit the motion to be withdrawn. As I have said, gentlemen, the counsel thereby admit that there is no question of fact in the case, and the matter is submitted to the court as a question of law. The amount of the draft is $230, interest, $21.39, and $1.29 protest fees, amounting in all to the sum of $252.68, for which I direct you to render a verdict in favor of the plaintiffs. Verdict accordingly. Defendants' counsel excepted to the direction. Defendants' counsel moved for a new trial on the minutes, which motion was denied, and defendants' counsel excepted."

By the denial of plaintiffs' motion for the direction of a verdict in their favor the court unequivocally signified that either a verdict would be directed for the defendants, or else the case be submitted to the jury. Confiding in this assurance, counsel for defendants moved for a direction in their favor, but the court denied the motion. Thereupon the counsel, seeking to avail himself of the other alternative, asked to go to the jury, but the court refused the request, and directed a verdict for plaintiffs.

The denial of plaintiffs' motion for a direction in their behalf was a decision by the court that plaintiffs were not entitled to such direction. The denial of defendants' motion for a direction was a decision by the court that they were not entitled to such direction. The necessary effect of the denial of both motions was a declaration by the court that the case exhibited a question of fact for solution by the jury. *Iron Co.* v. *Drexel*, 90 N. Y. 87, 92; *Vietor* v. *Bauer*, 11 N. Y. Supp. 100. Defendants' request to go to the jury was refused for the reason that by the motion for a direction they had conclusively conceded that there was no question for the jury. In other words, defendants' motion for a direction was denied because the facts were in controversy; and their request to go to the jury was denied because their motion for a direction showed that there were no facts in controversy; and by this argument in a vicious circle defendants were deprived of their constitutional right of trial by jury. But a motion for the direction of a verdict is not an absolute and irrevocable renunciation of the right to submit the case to the jury. The rule is that by such motion a party estops himself from contending on appeal that there were questions of fact for the jury, unless he requests to go to the jury after denial of the motion. *Dillon* v. *Cockroft*, 90 N. Y. 649; *Ormes* v. *Dauchy*, 82 N. Y. 443; *Koehler* v. *Adler*, 78 N. Y. 289. It is a question whether, when a party omits to move for a direction in his favor, he may insist on appeal that the verdict was without evidence or against the weight of evidence. *Sickels* v. *Gillies*, 45 How. Pr. 94, 96; *Caspar* v. *O'Brien*, 15 Abb. Pr. (N. S.) 402, 403; *Rowe* v. *Stevens*, 34 N. Y. Super. Ct. 436; *Barrett* v. *Railroad Co.*, 45 N.Y. 628, 632. But if a party may not move for a nonsuit or direction except under the penalty of precluding himself from the right of submission to the jury, he is subjected to a dilemma, upon one or the other horn of which he is inevitably impaled. This, however, is not the law. By all the authorities, after denial of his motion for a nonsuit or direction, a party may still go to the jury upon the controverted questions of fact. But it is objected that defendants did not sufficiently specify the facts upon which they desired the decision of the jury. Counsel had asked the court to direct a verdict for the defendants "on the ground that the testimony is undisputed that the plaintiffs paid no value for the draft, and that the draft was without consideration." By denying this request the court virtually ruled that these facts were not undisputed; for, otherwise, the court must have nonsuited the plaintiffs. Then counsel asked to go to the jury "upon the questions of fact in the case." What facts? Manifestly the facts which he had assumed to be uncontroverted, but which the court had ruled to be in controversy. These were the facts, and the only facts, in the mind either of the court or counsel. No other questions of fact had been suggested by either; and, indeed, no other questions of fact, necessary to the decision of the case, are apparent upon the evidence. Plainly, then, the questions of fact which counsel desired to submit to the jury were whether the bill was accommodation paper, and whether plaintiffs had paid value for it. Of this there could be neither doubt nor mistake, and so the question of fact sought to be submitted to the jury was sufficiently indicated by the motion. Again, it is urged that no exception was taken to the denial of the request to go to the jury. But the direction of a verdict was a denial of defendants' request to go to the jury; and the exception was "to the direction" merely, not to the direction of a verdict for plaintiffs. In terms the court never refused the request to go

to the jury, but in response to that request simply directed a verdict for plaintiffs. Since plaintiffs seek to stand upon the extreme technicality of the law, a failure on their part to observe that same technicality suffices for their overthrow.

Furthermore, the refusal of the court to suffer defendants to withdraw their motion for the direction of a verdict was error. As already shown, the motion for a direction was essential to the preservation of all the defendants' rights. In response to this motion the court assumed that counsel had thereby admitted absolutely and definitively that there was no question of fact in the case, and so, that defendants had irrevocably authorized the court to dispose of the case without the intervention of the jury,—an unwarrantable assumption. Instantly, upon this intimation by the court, defendants' counsel said, "Then I withdraw my motion, and ask to go to the jury;" to which the court replied, "I cannot permit the motion to be withdrawn." Why not? Nothing had intervened to create an estoppel against the motion. The rights of neither party had been affected by the motion. The court had not yet directed the jury; the remark, "I will direct a verdict for the plaintiffs," being addressed, not to the jury, but to the counsel. When defendants perceived that the legal effect of their motion had been misconstrued by the court to their prejudice they had an incontestable right to rescue themselves from the peril in which the mistake of the court had involved them. Such was not the measure meted to the plaintiffs. They, too, asked the direction of a verdict in their favor; but, instead of accepting the request as a submission of the case to the arbitrament of the court alone, the learned trial judge virtually allowed them to withdraw the motion, by suffering them to sum up the case to the jury. Nay, more, the learned judge himself exercised a power of revocation which he refused to defendants; for, after declining to direct a verdict for plaintiffs, the moment defendants were beguiled into a similar motion he recalled his previous ruling, and directed a verdict for plaintiffs. It is said defendants took no exception to the refusal of leave to withdraw their motion for the direction of a verdict; but no exception was necessary. An exception is allowable only "upon a question of law arising upon the trial of an issue of fact," (Code, § 992;) and that this provision applies to a trial by a jury is manifest not only from the office of an exception, but from the last sentence of the cited section. Now, the refusal of leave to withdraw the motion, was not a ruling upon a question of law, but was a mere exercise of volition of the judge; and an exception to it could by no possibility have raised a question of law for review. But the exception to the direction of a verdict for plaintiffs necessarily involved an exception to everything implied in this direction,—that is, to the assumption that the case was still with the court for decision; in other words, to the assumption that defendants' withdrawal of the motion was ineffectual; more specifically still, to the denial of leave to withdraw the motion.

Permission of the court to withdraw the motion for a direction was not necessary to its withdrawal. The court had not yet acted upon the motion, and whether or not it should be withdrawn was dependent upon the will of defendants alone; and when they declared it withdrawn it was withdrawn,— at all events to the effect of reserving their right to go to the jury. For that purpose the motion is habitually withdrawn after its denial by a request to submit the facts to the jury. Similarly, in this case, if the motion be supposed to stand as far as to retain the denial of it in the record, defendants still had a right to go to the jury; and the denial of that right is fatal error. The judgment must be reversed, and a new trial had, costs to the appellants to abide the event. All concur.