### SIRE v. RUMBOLD et al.

*(Common Pleas of New York City and County, General Term. June 1, 1891.)*

1. EVIDENCE—PAROL—COLLATERAL AGREEMENT.

　　Defendants leased certain premises from plaintiff in writing, whereby they covenanted to permit the lessor to enter for the purpose of adding to and repairing the premises, and in consideration thereof plaintiff entered into a parol contemporaneous agreement to accept a lesser rent for the premises until certain alterations therein should be made at defendants' instance. *Held*, that such agreement, though resting entirely in parol, was collateral to the written lease, and evidence thereof was properly received.

2. APPEAL—OBJECTIONS NOT RAISED BELOW—SUBMISSION TO JURY.

　　When plaintiff, after the proof is in, moves for judgment upon the pleadings and proofs, and asks no submission of facts to the jury, it is a concession that there are no facts in dispute, and he cannot afterwards object, on appeal, that there were questions of fact which ought properly to have been submitted to the jury.

　Affirming 11 N. Y. Supp. 734.

Appeal from city court, general term.

Action by Henry B. Sire against George W. Rumbold and George Walter Rumbold, to recover a balance of rent alleged to be due under a lease in writing; the defense being that, in consideration of the execution of the lease by the defendants, the plaintiff, by a contemporaneous verbal understanding, had agreed to accept a lesser rent than that reserved, until the completion of certain alterations in the demised premises which plaintiff had agreed to make. From a judgment for defendants, plaintiff appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Albert L. Sire*, for appellant. *Abram Kling*, for respondents.

BISCHOFF, J.   From the record before us we can perceive no valid ground for disturbing the judgment or order appealed from.   The agreement set up in the answer, and which defendants established by sufficient evidence upon the trial, is not in conflict with the provisions of the lease.   The seventeenth paragraph of the lease recites that it is the intention of the lessor to build upon the demised and adjoining premises, and he reserves to himself the right of entry for the purposes of such building and repairing.   It also provides that, ·during the progress of such building, the lessees shall have a deduction from the rent reserved of $25 per month.   The agreement established, and upon which defendants relied on the trial, was that the plaintiff, in consideration ·of defendants' execution of the lease in evidence, promised to change the attic floor of the demised premises, then consisting of one large room, into five separate rooms, and that until such change had been effected defendants were ·to pay $100 per month rent instead of $125, as provided for in the lease.   This last-mentioned agreement, though resting wholly in parol, was contemporaneous with and collateral to the written lease, the consideration therefor being the defendants' assumption of the covenants and conditions on their part ·to be performed, and contained in the written lease.   Such an agreement is ·operative, and evidence thereof was properly received.   *Clenigham* v. *McFarland*, (common pleas, general term,) 11 N. Y. Supp. 719; *Chapin* v. *Dobson*, 78 N. Y. 74; *Lanphire* v. *Slaughter*, 61 How. Pr. 36.   This disposes of all ·of plaintiff's exceptions to the admission of evidence for the defendants tending to prove the parol agreement.   When both sides rested, plaintiff's counsel moved the court for judgment for plaintiff upon the pleadings and proofs. This was equivalent to a motion to direct a verdict for plaintiff, and implied ·a concession that there were no facts in dispute.   It was not thereafter obligatory upon the court to submit the facts to the jury, in the absence of a specific request of the plaintiff to·that effect.   No such request was made, and an ·exception only to the court's direction of a verdict for defendants is unavailing, as plaintiff will not after moving for a direction in his favor, and without requesting to go to the jury after the motion is denied, be permitted to urge, ·on appeal, that there were questions of fact which ought properly to have been submitted to the jury.   *Dillon* v. *Cockroft*, 90 N. Y. 649; *Ormes* ·v. *Dauchy*, 82 N. Y. 443; *Yale* v. *Dart*, 13 N. Y. Supp. 277.   The remaining ·exceptions referred to in appellant's brief, and not hereinbefore noticed, refer to the admission and exclusion of evidence, but none of them, upon examination, appear to be of sufficient force to call for reversal or merit discussion. ·The judgment and order appealed from should be affirmed, with costs.

All concur.