PEOPLE *v.* KIRWAN *et al.*

*(Common Pleas of New York City and County, General Term.*   December 7, 1891.)

Application for the remission of a forfeited recognizance, and to vacate judgment entered therein against John P. Kirwan and another.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*De Lancey Nicoll,* for the People.   *Howe & Hummel,* for defendants.

BISCHOFF, J.   The papers fail to show that the costs and expenses of the proceedings to enforce the forfeiture have been paid.   *People* v. *Lasher,* (Com. Pl. N. Y.) 11 N. Y. Supp. 711.   Upon production of the certificate of the district attorney that such costs and expenses have been paid inclusive of the sheriff's fees, this application should be granted.

---

PEOPLE *v.* BYRNES *et al.*

*(Common Pleas of New York City and County, General Term.*   December 7, 1891.)

Application to vacate judgment entered upon a forfeited recognizance against James Byrnes as principal and Patrick Cunningham as surety.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Jacob Berlinger,* for surety.   *Louis Hanneman* for the People

BISCHOFF, J.   From the certificate of the corporation attorney accompanying the moving papers, it appears that the judgment entered upon the forfeiture was paid.   The motion to vacate and discharge the judgment should therefore be granted.

---

SIRE, Appellant, *v.* RUMBOLDT *et al.,* Respondents

*(Common Pleas of New York City and County, General Term.*   December 7, 1891.)

Motion for leave to appeal to the court of appeals.   For former reports, see 11 N. Y. Supp. 734; 14 N. Y. Supp. 925.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*A. J. Sire,* for appellant.   *Abram Kling,* for respondents.

BISCHOFF, J.   The only question involved in the appeal herein was as to the admissibility of evidence of a contemporaneous parol agreement, not inconsistent with the terms of a written instrument, to affect the latter.   That such evidence is admissible was determined by the court of appeals in *Chapin* v. *Dobson,* 78 N. Y. 75, which we followed; reference to that case being made in our opinion herein published in 14 N. Y. Supp. 925.   Appellant's counsel does not undertake to distinguish the present case from that of *Chapin* v. *Dobson;* and the only ground for this application—that the question herein determined by us is novel, and has not yet received the consideration of the highest appellate court—is therefore untenable.   The motion should be denied, with costs.