GEORGE F. VIETOR and Others, Appellants, v. MORITZ BAUER and CACILIE BAUER, Respondents.

*Receipt from a debtor of the note of a third party, diverted by the debtor from its intended purpose — a credit upon account does not render the creditor a holder for value.*

The mere crediting, by a creditor, the account of a debtor upon a pre-existing indebtedness, with the amount of a note, received from the debtor before maturity, made by a third party to his own order and indorsed by the maker and another third party, which had been delivered by the maker to the debtor for the special purpose of the debtor's procuring it to be discounted for the maker, and was thus diverted from that purpose by the debtor, does not

render the creditor a holder for value so as to entitle him to recover upon the note against its maker and indorser.

Nor is the legal status of the creditor in reference to a note so received by him changed by the fact that, after its maturity and after he had commenced an action thereon against the maker and indorser, he agreed with the debtor to receive the note in part satisfaction and discharge of his account and gave the debtor a release.

APPEAL by the plaintiffs, George F. Vietor and others, from a judgment of the Supreme Court dismissing the complaint, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1893, upon the report of a referee.

*James Dunne,* for the appellants.

*Benjamin N. Cardozo,* for the respondents.

FOLLETT, J. :

This action was brought to recover on a promissory note made by Moritz Bauer September 18, 1885, whereby he promised to pay to his own order $2,500, four months after date at the Murray Hill Bank. It fell due January 21, 1886.

It is alleged and admitted that afterwards the maker and Cacilie Bauer, the other defendant, indorsed the note, but it is denied that it was made or indorsed for value, and it is also denied that it was delivered. As an affirmative defense it is alleged that the note was made, indorsed and delivered to Leopold Levy, for the purpose of having the same discounted and the proceeds given to the defendants.

The referee found that the note was made and "indorsed to the said Leopold Levy for the specified purpose of having the same discounted and the proceeds thereof forthwith turned over to the defendants, or that otherwise the said note should be returned to them."

This finding is supported by the evidence. A witness who was present when the note was made and delivered to Levy, testified : " I recognize the handwriting of the note ; what I recollect to have occurred in the interview between Moritz Bauer and Leopold Levy, having reference to this note, is that Mr. Bauer handed that note to Mr. Levy, requesting Mr. Levy to have that note discounted for him in the Bowery National Bank, Levy saying that he would get

Mr. Hamilton to give him the money for it; Mr. Hamilton is the cashier of the Bowery National Bank; Bauer told Levy he needed the money very particularly, and asked if Levy would try and get it for him to-morrow, and Mr. Levy said he would try and have it done for him the next day, and that if he did not he would return the note the next evening to Mr. Bauer."

There was no dispute on the trial about the fact that the note was not discounted by any bank. October 15, 1885, Levy was indebted to the plaintiffs in the sum of $3,940.26 on account, which was carried on their books under the head of " suspended debtors." In the autumn of that year Levy went to Europe, carrying with him the note, and an agent of the plaintiffs followed him for the purpose of collecting their account. What occurred there does not appear. On the 18th of January, 1886, the plaintiffs, at the city of New York, received by mail this note from Levy, who was then in Germany. The plaintiffs, after making inquiry as to the responsibility of the maker and indorser, credited Levy's account with the note. Three days afterwards, January 21, 1886, the note fell due and was protested. February 4, 1886, this action was begun, and an answer was interposed denying the validity of the note. In November, 1886, an agent of the plaintiffs met Levy in Montreal, Canada, received from him $500 in cash and executed and delivered to him a release in full of the claims of the plaintiff. These facts were found by the referee and the findings are supported by the evidence.

Under this state of the evidence it was well found by the referee that there was no consideration for the note, but that it was made and delivered to Levy for the purpose of having the same discounted and the avails delivered to the maker, and also that the plaintiffs did not receive the note before it fell due in part satisfaction or discharge of their account against Levy.

The agreement to receive it in part satisfaction and discharge of the account, in November, 1886, was long after this suit was begun.

This case has now been three times tried. On the first trial a verdict was directed for the plaintiffs. At that time it was not alleged in the answer that the note was made and delivered to Levy for a particular purpose and had been by him diverted. On the trial the defendants offered to prove this fact. The evidence was objected to as immaterial and incompetent, but not on the ground that such a

defense was not pleaded. The court, in considering the question as to whether the plaintiffs were holders for value, said:

"That the defendants were not precluded from making this defense to the note by the credit of it as a payment on the account they had against Levy, is quite well established by the authorities. By that credit they neither parted with any value, nor surrendered anything whatever on the faith of it. If they had, they would stand in a very different legal position requiring the exclusion of this defense. But if they shall be deprived of this credit by the proof of this defense, their account will stand as it did before, as a legal demand against their debtor Levy. Their right to enforce and collect it will be in no manner affected by the fact of this credit, and its effacement through proof of the fact that Levy had no authority to use the note for that object. And where that is the condition of the holders of commercial paper fraudulently diverted from the purpose for which it had been made and indorsed, there the maker and indorser may relieve themselves from liability upon it by proof of such facts as were proposed to be shown in this instance." (11 N. Y. St. Repr. 531.)

On the second trial the question whether the maker received a consideration for the note from Levy was submitted to the jury, and found for the plaintiff. The General Term in reviewing the case (32 N. Y. St. Repr. 198), again held, that under the undisputed evidence given by and in behalf of the plaintiffs, they surrendered nothing when they received the note in January, 1886. That they were not holders for value, and that their subsequent discharge of Levy from all liability on the account did not affect the legal status of the plaintiffs at the time they received the note.

The learned referee in deciding this case followed the rule laid down by this court in this case, and it may be added that the rule as stated is supported by a long line of adjudications in this State.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.