HENRY J. CLARK, as Executor, etc., of ELIZA CLARK, Deceased, Respondent, *v.* CECELIA FRANCES CLARK, Appellant.

*Trial — a request for the direction of a verdict — its denial does not prevent a demand to go to the jury.*

Where a motion is made in an action, by the defendant, asking the court to direct a verdict in his favor and this is denied, the defendant may still demand that the case be sent to the jury.

APPEAL by the defendant, Cecelia Frances Clark, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 13th day of March, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order bearing date the 7th day of March, 1895, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Eugene K. Sackett,* for the appellant.

*John R. Farrar,* for the respondent.

PRATT, J.:

The complaint alleged that Eliza Clark died possessed of a certain bank book. This was denied by the answer, and the issue thus raised was the only question in dispute.

The defendant produced several disinterested witnesses, who testified that several years before her death Eliza Clark gave the book in question to the defendant. Their testimony was not shaken in any respect, and defendant's motion for the direction of a verdict in her favor should have been granted.

After that motion was denied defendant asked to be allowed to go to the jury. The Circuit judge held that by moving for the direction of a verdict defendant had lost the right to go to the jury. That was an error. When the motion to direct a verdict in defendant's favor was denied defendant properly requested to go to the jury. (*Koehler* v. *Adler*, 78 N. Y. 290; *Thompson* v. *Simpson*, 128 id. 283; *Yale* v. *Dart*, 26 Abb. N. C. 472.)

For these errors the judgment must be reversed and a new trial ordered, costs to abide event.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted, costs to abide event.