William Finlayson and Another, Plaintiffs, v. Erastus Wiman, Defendant.

*Interpretation of contracts — questions of fact, when properly decided by the trial judge — remedies of a vendor upon the default of the vendee — after answer the relief demanded in the complaint is immaterial.*

Where the terms of a contract are ascertained, its meaning presents questions of law only, and it is the duty of the court, and not of the jury, to determine and declare what such meaning is.

It is only where there is conflicting evidence as to the terms of the agreement, or where extraneous evidence raises some doubt in regard to the subject-matter thereof, that the interpretation of a contract can be submitted to a jury.

Where the attorney for a party, against whom a verdict was directed upon the trial of an action, made no request for the submission of any question of fact to the jury, he will be deemed to have agreed to the submission of the questions of fact involved in the case to the trial judge.

Where a vendee has failed to complete his contract to purchase certain property, there are three legal remedies available to the vendor. He may retain the property for the vendee and sue him for the entire purchase price thereof; or he may resell the property and recover the difference between the contract price and the price for which it is sold; or he may keep the property as his own and recover the difference between the contract price and the market value thereof.

In a litigated case, where an answer has been served, the plaintiff, if he recovers, is not confined to the relief which he demands in his complaint, but the court is at liberty to award such judgment and grant such relief as he is entitled to under the evidence.

Motion by the defendant, Erastus Wiman, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance upon the verdict of a jury in favor of the plaintiffs, rendered by direction of the court after a trial at the Richmond Circuit on the 26th day of September, 1894.

*Amasa A. Redfield*, for the plaintiffs.

*Clinton T. Roe* and *Edward G. Black*, for the defendant.

Dykman, J.:

This is an application for judgment upon a verdict of a jury in favor of the plaintiffs, under the direction of the judge that the exceptions should be heard in the first instance at the General Term. The action was brought for the recovery of the purchase money of 325 shares of stock sold by the plaintiffs to the defendant. The

complaint in the action alleges that in February, 1888, the plaintiffs and defendant made an agreement, by which the latter undertook to buy from the former the shares of stock mentioned at the price of their par value, which was $32,500; that after the defendant made default in payment under this contract, and after it was rescinded by mutual consent, the parties made another contract in January, 1890, by which the defendant agreed to take the same stock at fifty per cent of its par value, that is, $16,250, with an additional sum equal to five per cent thereof, which was to be paid on the delivery of the certificates. The defendant having made default in that payment, the last agreement was also modified in this respect, to wit, that the purchase price, instead of being payable in one sum, on delivery of the stock certificates, was to be paid by installments, the plaintiffs in the meantime to hold the certificates as security for the due payment of the price agreed upon. The complaint then alleges the defendant's payment of the first installment of £1,000 under the last modification of the agreement, the readiness and willingness of the plaintiffs to deliver the 325 shares of stock and their tender of the certificates, and the defendant's refusal to accept the same.

The defendant answered the complaint, and denied specifically the allegations thereof. He also alleged affirmatively, by way of defense and counterclaim, that the offer which was made and accepted was at the price of fifty per cent of the par value thereof, with interest thereon at the rate of five per cent per annum from November 15, 1883, payable in installments of one thousand pounds, as he thereafter became able to do so; the stock to be delivered by plaintiffs in lots, as paid for by the defendant; and, further, that the defendant on July 31, 1890, paid to the plaintiffs on account of the purchase price one thousand pounds sterling, equivalent to $4,840, and that the plaintiffs failed, neglected and refused to deliver to the defendant the shares which he then became entitled to receive, and that since that time he has been unable to make any other purchases or payments, and then demanded judgment for the $4,840 paid by him, with interest.

The jury, under the direction of the court, found a verdict in favor of the plaintiffs for the sum of $19,660.95, which was the amount of the purchase money of the stock, with interest, the stock to remain where it was, subject to be delivered on the satisfaction

of the judgment, and, as we have already said, directed the exceptions to be heard in the first instance at the General Term.

The only exceptions taken by the defendant were to the refusal of the court to dismiss the complaint at the close of the plaintiffs' case, and to the direction of a verdict in favor of the plaintiffs.

The ground of both exceptions is the same, to wit, that no contract was shown. No request was made that any question of fact should be submitted to the jury. There was no conflict of evidence on any issue in the case, as the contract was solely evidenced by the letters and cablegrams of the parties. The questions involved were whether the correspondence disclosed a valid contract, and, if so, whether the terms thereof were those alleged in the complaint, or were, on the other hand, those alleged by the defendant in his affirmative defense and counterclaim. Upon the only point raised by the question whether any contract was shown, the only preliminary proof was the written correspondence of the parties, which was by mail or cable-telegram, as the plaintiffs reside in Glasgow and the defendant in New York city. Only so much of this correspondence is printed in the case as is material to the question of the validity of the exceptions taken by the defendant at the trial.

The letters contained in the record, taken in connection with the admissions of counsel, made for the purpose of the present hearing, disclose the fact that the plaintiffs originally acquired the stock in question by purchase from the defendant, paying him therefor, on November 5, 1893, the price of £3,250, or $16,250 in our currency, which was fifty per cent of the par value. That fact was material in explanation of the context of the correspondence. The mutual assent of the parties to the agreement of purchase and sale was proven by their written correspondence. The express terms and language of the parties were before the court, over their respective signatures. Their legal effect, and whether they disclosed the assent which is essential to the validity of every contract, were questions of law for the court, which it was the province of the trial court and not the jury to determine. The rule of law on the subject is this: When the terms and language of a contract are ascertained, its meaning and intent present questions of law only, and it is the duty of the court and not of the jury to determine and declare what it is. (*Dwight* v. *Germania Life Insurance Co.*, 103 N. Y. 352.)

It is only when there is conflicting evidence as to the terms of the agreement, or where extraneous evidence raises some doubt over the subject-matter of the claims thereunder, that the interpretation of contracts can be submitted to a jury. Independently of this view, however, it is to be stated that the counsel for the defendant made no request for the submission of any question to the jury, and he must, therefore, be considered as agreeing to submit the question of fact to the judge. (*Dillon* v. *Cockcroft*, 90 N. Y. 649.)

At the time of the commencement of this action there were three legal remedies which the plaintiffs were at liberty to seek. In the first place, they might have retained the stock for the defendant and sued him for the entire purchase price thereof, or they could have sold the stock and recovered the difference between the contract price and the price for which it was sold, and, third, they could have kept the stock as their own and recovered the difference between the contract price and its market value. The complaint in this action was framed with the view of obtaining the relief last above mentioned, but in our view it contains sufficient allegations to entitle the plaintiffs to the relief which they actually obtained. In a litigated case where an answer has been served, the plaintiff, if he recovers, is not confined to the relief which he demands in his complaint, but the court is at liberty to award such judgment and such relief as he is entitled to under the evidence, and, therefore, in this case, as the complaint contains sufficient allegations to entitle the plaintiffs to a recovery, it was within the province of the trial judge to afford the relief to which the plaintiffs were entitled under the evidence, and as the court directed the verdict in favor of the plaintiffs for the amount which was evidently due under the modification of the contract, the stock to remain where it was, subject to be delivered on satisfaction of the judgment, it is evident that justice has been wrought, and there seems to be no necessity for any amendment of the pleadings.

Our view, therefore, is that the exceptions should be overruled, and the judgment should be ordered to be directed in favor of the plaintiffs upon the verdict, with costs.

PRATT, J., concurred; CULLEN, J., not sitting.

Exceptions overruled and judgment ordered in favor of the plaintiffs upon the verdict, with costs.